THE NATIONAL BANK OF FAR ROCKAWAY, Plaintiff, *v.* GRACE VAN TASSELL and Others, Defendants.

Supreme Court, Special Term, Queens County, June 30, 1942.

*Joseph F. Finkelstein*, for the plaintiff.

No appearance for the defendants.

FROESSEL, J. In this action on a promissory note plaintiff seeks to enter a judgment by default.

The only "military affidavits" submitted by the plaintiff, pursuant to the provisions of section 303 of the New York Soldiers' and Sailors' Civil Relief Act (added to Military Law, as Article XIII, by Laws of 1941, chap. 686, in effect April 23, 1941) and subdivision (1) of section 200 of the Federal Soldiers' and Sailors' Civil Relief Act of 1940 (54 U. S. Stat. at Large, 1180; U. S. Code, tit. 50, Appendix, § 520, subd. [1]), are by the process server who served the summons and complaint herein upon the defendants against whom the default judgment is sought. Said affidavits, verified on May 4, 1942, are on printed forms, with blank spaces filled in. After averring the facts concerning the service of process, the following is printed followed by the signature of the process server and the jurat: "Deponent further says: Upon information and belief that at the time of the aforesaid service, the above-named person was not engaged in the military service of the United States in any capacity whatsoever as the term military service is defined in the Acts of Congress known as the Soldiers and Sailors Civil Relief Act of 1918, the National Guard Act of 1940 and the Selective Service and Training Act of 1940. Deponent further says that he has read and is familiar with the sections of said Acts which define persons in the military service of the United States. The basis of your deponent's information and belief is that at the time of the service aforesaid deponent inquired of the above-named person whether or not he was engaged in the military service of the United States in any capacity whatsoever. He replied in the negative. Further, your deponent noted that he was dressed in civilian clothes and wore no uniform of any kind."

These affidavits do not comply with the requirements of either the State or Federal statute cited above. The process server in said affidavits avers upon information and belief that *at the time of the service of the summons and complaint* the person served was not engaged in the military service of the United States in any capacity. Subdivision (1) of section 200 of the Federal Soldiers' and Sailors' Act of 1940 (the provisions of which are virtually identical with those of the State statute) provides as follows: "In any action or proceeding commenced in any court, *if there*

*shall be a default of any appearance by the defendant*, the plaintiff, *before entering judgment shall file* in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require, as a condition before judgment is entered, that the plaintiff file a bond approved by the court conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this Act." (Italics mine.)

It is to be noted that said statute requires the filing of a military affidavit "if there shall be a *default of any appearance* by the defendant" and "*before entering judgment*." It is evident that a default cannot occur until the expiration of the time after the service of process in which a defendant must appear or answer, and any affidavit made prior to such default clearly fails to meet the requirements of the foregoing legislation.

Under the provisions of the Federal Soldiers' and Sailors' Civil Relief Act of March 8, 1918 (40 U. S. Stat. at Large, 440, § 200; U. S. Code, tit. 50, App. § 111), which is similar to that of the Act of 1940, it was said that a default judgment entered against a person in the military service of the United States may be vacated under the provisions of the 1918 Soldiers' and Sailors' Civil Relief Act if it is shown " that he was in such service *at the time this judgment was rendered.*" (*Howie Mining Co.* v. *McGary*, 256 Fed. 38, 45; cited with approval in Essex in *Petition of Institution for Savings*, 309 Mass. 12; 33 N. E. [2d] 526.)

I might also add that the reference to " civilian clothes " is of no import, for it is now common practice for selectees and others to be sworn into the military service and then given short furloughs during which they are permitted to wear civilian clothes.

I accordingly hold that a military affidavit to the effect that a defendant was not in the military service of the United States in any capacity at the time of the service of process does not comply with either the State or Federal Civil Relief statutes. The instant application is accordingly denied, without prejudice to renewal, unless proper affidavits are supplied within five days from the date hereof.