OPINION OF THE COURT
Michael H. Feinberg, J.
In the instant case at bar, petitioner landlord seeks to enter *724 a default judgment against respondent tenant and requests that this court waive the nonmilitary investigation and/or the filing requirement of the Federal Soldiers’ and Sailors’ Civil Relief Act of 1940 (50 USC, Appendix §§ 501-591) and, as applicable, New York Military Law § 309 (1) and § 303 (3).
In support of the instant application, movant’s attorney submits the affirmation of Kenneth P. Mintz, Esq., dated August 2, 1989 and the affidavit of Anthony Hawkins, sworn to August 2, 1989, licensed process server, together with a copy of the process server’s log sheet.
The issues before this court are: (1) Whether the court can dispense with the nonmilitary investigation; and (2) Whether the affidavit and exhibits submitted herein, which only allege two visits to the subject premises without speaking to anyone, constitute a sufficient investigation to warrant this court to dispense with the filing of a formal nonmilitary affidavit.
These issues do not appear to have been resolved in prior case law and have not been discussed in any recently reported cases. Federal Soldiers’ and Sailors’ Civil Relief Act of 1940 § 200 (1) (50 USC, Appendix § 520 [1]) reads, in pertinent part, as follows: "if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service”.
The Federal Soldiers’ and Sailors’ Civil Relief Act of 1940 prohibits the entry of a default judgment without court order where an affidavit of nonmilitary service has not been filed. This act is applicable to the Federal courts and the New York State courts alike. (77 NY Jur 2d, Military, and Civil Defense, §96.)
It is the opinion of this court that Federal statute mandates and requires that a nonmilitary investigation be conducted, absent the formal filing of an affidavit of nonmilitary service. The court concludes, therefore, that movant’s application, insofar as it asks this court to dispense with a nonmilitary investigation, must be denied as a matter of law.
The New York State Military Law § 309 (1), as amended, and in pertinent part, reads as follows: "No eviction or distress shall be made during the period of military service in *725 respect of any premises occupied chiefly for dwelling purposes by the spouse, children, or other dependents of a person in military service, except upon leave of court granted upon application therefor or granted in any action or proceeding affecting the right of possession”.
The purpose of both State and Federal statutes is to protect individuals serving in the military and their dependents from a default judgment entered against them without their knowledge. (National Bank v Van Tassell, 178 Misc 776.)
Hornbook law dictates that when a Federal statute grants rights to citizens, the States may enlarge those rights, but cannot lessen them. (People v Johnson, 66 NY2d 398, 407; People v Bigelow, 66 NY2d 417, 427.)
Effective August 5, 1987, Laws of 1987 (ch 693) amended Military Law § 303, by adding a new subdivision (3) reading, in pertinent part, as follows: "Where a default judgment may properly be rendered in any action or proceeding in any court, the court shall not require the attorney for the plaintiff or petitioner to submit an affidavit or affirmation that the defendant or respondent is not in military service, provided that the court may impose such requirement where authorized by federal law.”
This amendment merely dispenses with the formal filing requirement of an attorney’s affidavit or affirmation. The investigative affidavits, however, must still be submitted before a default judgment may be entered. The new legislation (§ 303 [3]) was designed to eliminate only the necessity of submitting an attorney’s affidavit or affirmation, since the attorney was not conducting independent investigations concerning the whereabouts of the respondent or defendant. The attorney relied on the investigation conducted by petitioner, process server or other persons engaged to conduct such investigation. (See, Legis mem, 1987 McKinney’s Session Laws of NY, at 2546-2547.)
These applications are, for all intents and purposes, analogous to summary judgment motions and affidavits or affirmations by an attorney who does not have personal knowledge of the facts, and as such, have no probative value. (Friedlander v Ariel, 94 AD2d 628.) Accordingly, and recognizing the lack of value of such affidavits, the necessity of requiring affidavits or affirmations of attorneys to be submitted on such applications was eliminated.
The amended section 303 (3) of the Military Law did not *726 repeal the necessity of a factual determination, based upon the investigator’s affidavits, as to whether or not defendant or respondent is in the military service or a dependant of a person in the military service, as required by 50 USC, Appendix §§ 501-591 and, as applicable, section 309 (1) of the Military Law.
In the instant case at bar, the only affidavit submitted by one with personal knowledge was that of the process server. The affidavit merely states that he (the process server) visited the premises on two occasions and found no one at home. There are no allegations by the process server as to his conducting an investigation as to whether respondent is in the military service or a dependent of one in the military service. These two visits to the subject premises without more do not inform the court as to the military status of respondent. The process server’s affidavit submitted herein is just as consistent with the respondent’s being in the military service as not, and is insufficient as a matter of law. (New York City Hous. Auth. v Smithson, 119 Misc 2d 721.)
The log sheet annexed to the moving papers is devoid of any additional factual evidence upon which this court could grant such relief. It is of no probative value, and does little more than bolster an attempt to support the insufficient allegations previously set forth in the affidavit submitted by the process server.
Based upon this insufficient investigation the petitioner requests that this court conclude that respondents are not in the military service and asks this court to sign an order dispensing with the nonmilitary affidavit.
Patently absent herein is any attempt by the investigator to speak with neighbors at the subject premises or to obtain an affidavit from the superintendent of the building. In addition, the petitioner has failed to set forth any other documentation or papers which might have aided the court in reaching a contrary conclusion. Petitioner did not annex copies of respondent’s application, if any, at the time respondent entered into possession of the premises, which might have given the court some insight, based upon age and other factors therein, that respondents were not in the military service.
The petitioner seeking this drastic relief may not simply sit back on its laurels and rest its case on mere conclusory allegations, without demonstrating its entitlement to the relief sought, and based upon a proper evidentiary showing. It was *727 incumbent upon petitioner landlord to present proof in proper evidentiary form in order to obtain the relief sought. Its bald, conclusory assertions are insufficient as a matter of law.
Accordingly, the application of movant (petitioner landlord) to dispense with the nonmilitary investigation and/or the filing of the nonmilitary affidavit is denied in all respects.