**In re Mirian K. MONTANO, Debtor.**

**TOYOTA MOTOR CREDIT CORP., Movant,**

v.

**Mirian MONTANO, Merrill Cohen, Trustee, Respondents.**

**Bankruptcy No. 95–1–5823–PM.**

United States Bankruptcy Court, D. Maryland.

Feb. 22, 1996.

Mary Alice McNamara, Niles, Barton & Wilmer, Baltimore, MD, for Movant.

Robert Haeger, Gaithersburg, MD, for Debtor/Respondents.

## MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

Before the court is a motion for default filed on behalf of Toyota Motor Credit Corporation against the debtor, Mirian K. Montano. Because the affidavit is insufficient in form and substance, the motion will be denied.

■ Defaults are governed by Bankruptcy Rule 7055 that makes Rule 55 of the Federal Rules of Civil Procedure applicable in adversary proceedings. Bankruptcy Rule 9014 also makes Bankruptcy Rule 7055 applicable in contested matters. The Supplementary Note of the Advisory Committee on Civil Rules regarding Rule 55 points out,

> The operation of Rule 55(b) (Judgment) is directly affected by the Soldiers and Sailors Civil Relief Act of 1940. 50 U.S.C, Appendix, § 501 et seq. Section 200 of the Act imposes specific requirements which must be fulfilled before a default judgment can be entered, e.g., *Ledwith v. Storkan* (D.Neb.1942), 2 F.R.D. 539, and also provides for the vacation of a judgment in certain circumstances. See discussion in Commentary, Effect of Conscription Legislation on the Federal Rules, 1940, 3 Fed. Rules Serv. 725; 3 Moore's Federal Practice, 1938, Cum. Supplement § 55.02.

■ The purpose of the Soldiers and Sailors Relief Act of 1940 is to suspend enforcement of civil liabilities of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation. *Engstrom v. First National Bank of Eagle Lake,* 47 F.3d 1459, 1462–63 (CA5 1995). *See generally,* 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2691 (1983). The text writers explain,

> The 1940 act applies to actions in all courts, both state and federal. Default judgments are covered by Section 200 of the statute, which is Section 520 of Title

50, Appendix. Under subdivision 1 of that provision, before a judgment based upon defendant's failure to appear may be entered plaintiff must file either: (1) an affidavit setting forth facts showing that defendant is not in the military service, or (2) an affidavit stating that defendant is in the military service or that plaintiff is unable to determine whether defendant is in the service. Unless the first affidavit showing that defendant is not in the military is filed, a judgment may not be entered without securing a court order directing its entry. Moreover, when defendant is in the military service, a judgment is inappropriate until after the court appoints an attorney to represent defendant and protect his interests. These requirements are mandatory and restrict the court's power to render a judgment until they have been met. Subdivision 2 of Section 200 provides penalties for filing a false affidavit.

The Soldiers and Sailors Civil Relief Act of 1940 is applicable in bankruptcy cases. *Anderson v. Dalkon Shield Claimants Trust,* 996 F.2d 716 (CA4 1993); *In re Ladner,* 156 B.R. 664 (BC Colo.1993); *see also, Young v. Higbee Co.,* 324 U.S. 204, 208 n. 5, 65 S.Ct. 594, 596 n. 5, 89 L.Ed. 890 (1945). A very useful discussion of its application in mortgage foreclosures appears in A. Gordon, *Gordon on Maryland Foreclosures,* Chap. 16 (3d ed. 1994).

50 U.S.C.S. Appendix § 520 provides in pertinent part:

### § 520. Default judgments; affidavits; bonds; attorneys for persons in service

(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service.... Whenever, under the laws applicable with respect to any court, facts may be evidenced, established, or proved by an unsworn statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury, the filing of such an unsworn statement, declaration, verification, or certificate shall satisfy the requirement of this subdivision that facts be established by affidavit.

The form of an unsworn statement must conform to the mandate of 28 U.S.C. § 1746.

### § 1746. Unsworn declarations under penalty of perjury

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

\*　　\*　　\*　　\*　　\*　　\*

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)"

To have some idea of the gravity of this issue, note that in Maryland a lawyer's failure to file an appropriate non-military affidavit led to the filing of a disciplinary proceeding, eventually terminating in the Court of Appeals. *Attorney Grievance Commission v. Kemp,* 335 Md. 1, 641 A.2d 510, 515–16 n. 10 (1994). The Court of Appeals did not sustain the finding of attorney incompetence, but it did state "that such failure is, at best, indicative of the lawyer's carelessness or negligence." 335 Md. at 18, 641 A.2d at 518. In *Kemp* the Court of Appeals of Maryland noted the following:

Two of the identified deficiencies were cured. The first deficiency identified by the hearing court was cured when, in re-

sponse to Judge Salmon's Memorandum, the respondent filed military affidavits as to each individual defendant and the Board of Trustees of Mount Victory Church. The caption of each affidavit contained the name of the defendant to which the affidavit related, and no other. Each affidavit was, moreover, a form affidavit containing five separate paragraphs, the fifth of which was incomplete.[10] The blank space was not filled in, and, except for the initial affidavit filed for Gray, has never been filled in by the respondent in any of the affidavits. The significance of this omission will appear hereinafter.

641 A.2d at 516. The form referred to in footnote 10 is from George W. Liebmann, 3 Maryland Civil Procedure Forms, Section 222 at 115 (1984, 1994 Cum.Supp.). The author suggests the following form of affidavit:

### MILITARY AFFIDAVIT

**STATE OF MARYLAND,** [name of county], to wit:

I, [name, address and age] make oath [or affirm] that to the best of my knowledge, information and belief, the defendant is not in the military service of the United States of America (or in the military service of any nation allied with the United States of America) and is not a member of the military reserves who has been ordered to report for military service. The defendant is [here state facts showing defendant is not in the military service, e.g., age resident, employment, and approximate length of time employed at present employment].

[Signature of Affiant]<br>Affiant

The non-military affidavit submitted in this case states in its entirety:

### *NON–MILITARY AFFIDAVIT*

1. The Debtor is not in the military service of the United States;

2. The Debtor is not in the military service of any nation allied with the United States;

3. The Debtor has not been ordered to report for induction under the Selective Training and Service Act;

4. The Debtor is not a member of the Enlisted Reserve Corps who has been ordered to report for military service.

I solemnly affirm under the penalties of perjury that the contents of the aforegoing paper are true to the best of my knowledge, information and belief.

All that the affiant is saying is that she has no reason to believe that the debtor is in military service or otherwise under the protection of the Relief Act. However, the affiant does not comply with § 520's mandate of "setting forth facts showing that the defendant is not in military service." What knowledge does she have to support her conclusion? What records were reviewed? As suggested in the Liebmann form above, compliance with the statutory mandate is within the grasp of the affiant.

 The affidavit is not unlike a great many such filed in this court that fail to reflect any facts underlying the declaration or any investigation undertaken before the filing of the statement. *See United States v. Simmons,* 508 F.Supp. 552 (E.D.Tenn.1980). As the court stated in *Tivoli Associates v. Foskey,* 144 Misc.2d 723, 545 N.Y.S.2d 259, 261 (Civil Court, Kings County, 1989), "[t]he petitioner seeking this drastic relief may not simply sit back on its laurels and rest its case on mere conclusory allegations, without demonstrating its entitlement to the relief sought, and based upon a proper evidentiary showing. It was incumbent upon petitioner/landlord to present proof in proper evidentiary form in order to obtain the relief sought. Its bald, conclusory assertions are insufficient as a matter of law." Generally, an attorney verifying a pleading on behalf of a client should allege the sources of knowledge underlying the affidavit. 61A Am. Jur.2d Pleading § 346.

It is a puzzle as to why counsel expose themselves to potential problems by filing non-military affidavits where counsel's knowledge is based upon information passed on by the the client.