OPINION OF THE COURT
Larry S. Schachner, J.
Petitioner’s ex parte application is disposed of as follows:
In this residential nonpayment proceeding petitioner seeks an order dispensing with the requirements of Federal and State law to submit an affidavit of nonmilitary service so that it may obtain a default judgment and warrant of eviction. Respondent has failed to answer the petition.
*38 The Federal Soldiers’ and Sailors’ Civil Relief Act of 1940 prohibits the entry of a default judgment without court order where an affidavit of nonmilitary service has not been filed. In pertinent part, 50 USC Appendix § 520 (1) provides:
“In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in the military service.”
This act is applicable to the Federal courts and New York State courts alike. (77 NY Jur 2d, Military, and Civil Defense § 96.)
New York State Military Law § 309 (1), as amended, and in pertinent part, reads as follows:
“No eviction or distress shall be made during the period of military service in respect of any premises occupied chiefly for dwelling purposes by the spouse, children, or other dependents of a person in military service, except upon leave of court granted upon application therefor or granted in any action or proceeding affecting the right of possession.”
The purpose of both State and Federal statutes is to protect individuals serving in the military and their dependents from a default judgment entered against them without their knowledge. (National Bank v Van Tassell, 178 Misc 776 [Sup Ct, NY County 1942].) A proper affidavit of nonmilitary service should include the date and location of the investigation and the facts gleaned from the investigation. It must be clear that the person interviewed has actual knowledge of the tenants’ military status, as personal knowledge cannot be imputed solely from an employee’s status as a doorman or super. (Mill Rock Plaza Assocs. v Lively, 153 Misc 2d 254 [Civ Ct, NY County 1990].)
In the case at bar, petitioner states that on August 23, 2001, after the respondent’s time to answer expired, an investigation as to respondent’s military status was conducted. The affiant, Debra Sabatino, stating she is petitioner’s property manager claims she spoke to an individual, Kirk Ryan, who claimed to be respondent Van Doome’s roommate. Mr. Ryan informed her that Mr. Van Doorne was not in the military service or dependent on anyone in the military. Due to the events of September 11, 2001, petitioner was required to submit a new nonmilitary affidavit by the Civil Court Clerk’s office.
Petitioner states that several attempts to ascertain respondent’s military status subsequent to the September 11, 2001 *39 tragedy were made, and on each occasion neither respondent nor his alleged roommate could be located. Petitioner does not state the exact number of visits that were made to the apartment, or the dates of the stated attempted investigations. It is petitioner’s contention that based upon the “totality of circumstances,” this court should issue an order dispensing with the nonmilitary affidavit requirement.
The affidavit of Ms. Sabatino does not state sufficient facts upon which this court can reasonably conclude that respondent is not in the military. Therefore, the court is constrained to deny petitioner’s application. The stated “several visits” without more do not satisfactorily inform the court as to the military status of respondents. In fact, the affiant’s statement is just as consistent with the respondent being in the military service as not. It is unclear how it was determined that Mr. Ryan was the roommate of Mr. Van Doome. Mr. Ryan is not a named party. Apparently there was no attempt by the investigator to speak with neighbors at the subject premises, coworkers of respondent, if any, or to obtain an affidavit from the superintendent or other building employees. In addition, petitioner failed to set forth any other documentation which might have aided the court in concluding that the tenant is not in the military. Petitioner did not mention whether respondent filled out an application to rent the subject apartment. If it exists, the application might have given the court relevant information regarding respondent’s age, health, or whether respondent is a recipient of public assistance. In addition, for a nominal fee, or no fee at all, petitioner can obtain an individual’s military status by contacting the military service directly. This apparently was not done.
Accordingly, petitioner’s application to dispense with the filing of the nonmilitary affidavit is denied, without prejudice to renew upon submission of proof of a proper investigation, alleging sufficient facts as to the nonmilitary status of the respondent.