OPINION OF THE COURT
Paul G. Feinman, J.
In this commercial nonpayment proceeding, petitioner moves to dispense with the filing of a nonmilitary affidavit, and for the entry of final judgment of possession and the issuance of a warrant of eviction. For the reasons set forth below, the motion is denied on default, without prejudice to renewal upon an affi *731 davit setting forth additional efforts to verify respondent’s nonmilitary status.
This proceeding was commenced by the service of the notice of petition and petition on respondent tenant on April 2, 2002, and mailing of copies of the documents by certified and regular mail on April 3, 2002. Service was made to a person of suitable age, identified by the process server as respondent’s “co-worker identified Mr. Mohammad” (see notice of motion, exhibit B, affidavit of service). Respondent has not interposed an answer.
Pursuant to the United States Soldiers’ and Sailors’ Civil Relief Act (50 USC Appendix § 501 et seq.) and the New York State Soldiers’ and Sailors’ Civil Relief Act of 1951 (Military Law art XIII), when a respondent fails to appear in a summary proceeding, the petitioner must, before entering judgment, file an affidavit setting forth facts showing that the defendant is not in the military service. (50 USC Appendix § 520 [1]; Military Law § 303 [3].) It has been held that a proper affidavit of nonmilitary service should include the date and location of the investigation and the facts gleaned at that time. It must be clear that the person interviewed had actual knowledge of the tenant’s military status (Benabi Realty Mgt. Co. v Van Doorne, 190 Misc 2d 37, 38 [Civ Ct, NY County 2001], citing Mill Rock Plaza Assoc. v Lively, 153 Misc 2d 254 [Civ Ct, NY County 1990]).
In the case at bar, petitioner’s agent avers that on Tuesday, April 9, 2002, at 9:20 a.m., Wednesday, April 10, 2002, at about 1:00 p.m., and Thursday, April 11, 2002, at 4:35 p.m., he went to the premises at issue to inquire whether respondent was in the military or dependent on someone in the military, but the store was consistently closed (notice of motion, Martin affidavit 8-11, 22). He further avers that in January 2002, when respondent applied to lease the premises as a cellular phone store, he told the agent he was self-employed, and did not state that he was in the military or dependent on someone in the military. The agent never saw respondent in a military uniform (Martin affidavit 11-13, 20). The affidavit does not state, however, whether respondent completed a written application which might contain more information such as his age, references, home address, banking references, alternative telephone numbers, or other means by which respondent might be reached. Indeed, there is no indication whether the written lease for this premises, as is often true in commercial cases, provides a secondary address for the respondent for the service of notices. Finally, the court notes that it is possible to obtain *732 an individual’s military status by contacting the military service directly (Benabi Realty Mgt. Co., 190 Misc 2d at 39). This apparently was not done.
The Soldiers’ and Sailors’ Civil Relief Act is to be liberally construed to protect those who are engaged in military duty (Boone v Lightner, 319 US 561, 576 [1943]). That this is a commercial case rather than a residential case does not, in and of itself, relieve the petitioner from making a sincere effort to ascertain the respondent’s military status. Accordingly, petitioner’s application to dispense with the filing of the nonmilitary affidavit is denied without prejudice to renew upon submission of a supplemental affidavit that includes proof of further investigation, including at least another visit to the premises during the business hours posted on the storefront, if any, or during customary business hours if no such hours are posted. In addition the movant shall annex a copy of any written lease or rental application, as well as an affidavit explaining what efforts it has undertaken to ascertain respondent’s military status from the military. It is therefore ordered that petitioner’s motion to dispense with the affidavit of nonmilitary service is denied without prejudice to renew upon submission of proof of further investigation as to the status of the respondent.