OPINION OF THE COURT
Eileen N. Nadelson, J.
*929 This commercial nonpayment summary proceeding was commenced against respondent commercial tenant with service of a rent demand followed by a notice of petition and petition. Respondent failed to answer or appear. Petitioner landlord filed an order to show cause to dispense with the requirement of filing an affidavit of nonmilitary status as a prerequisite to being awarded a default judgment of possession and warrant of eviction.
Pursuant to the provisions of the federal Soldiers’ and Sailors’ Civil Relief Act of 1940 (50 USC Appendix § 521), no default judgment may be entered against any person unless an affidavit setting forth facts showing that the defendant is not in the military service is first filed with the court. The provisions of this statute are applicable to the New York State courts under the provisions of the New York State Soldiers’ and Sailors’ Civil Relief Act (Military Law § 300 et seq.).
The recent eruption of hostilities in the Middle East has resulted in the large scale deployment of active and reserve military personnel from within New York State. Consequently, it has become necessary for courts to be more meticulous with respect to the protection of the rights accorded individuals in active military service, and those persons dependent upon those actively engaged in such service. (U.S. Bank v Coaxum, 2003 NY Slip Op 51384[U]; see also, Schachner and Weissman, Using Affidavits of Military Service in Housing Court Proceedings, NYLJ, June 6, 2002, at 4, col 4.)
The provisions of the federal Soldiers’ and Sailors’ Civil Relief Act of 1940 apply to all court proceedings, including both commercial and residential summary proceedings (21948, LLC v Riaz, 191 Misc 2d 730 [Civ Ct, NY County 2002]).
Previously, this court has indicated that the affidavit of nonmilitary status must contain information that the affiant has personal knowledge of the military status of the respondent in question (301 W. 111th Owners v Wilson, NYLJ, June 25, 2003, at 17, col 1). However, the court has not specifically addressed the nature of the facts that may be used to support that affidavit if the petitioner is unable to locate either the respondent tenant or an individual who has personal knowledge of the respondent’s military status.
In Benabi Realty Mgt. Co. v Van Doorne (190 Misc 2d 37 [Civ Ct, NY County 2001]), the court outlined several sources of obtaining the requisite information for the affidavit of nonmilitary status: (1) Conversations with the respondent’s neighbors *930 who know the respondent; (2) statements of the respondent’s coworkers; (3) affidavits from building employees who know and see the respondent; and (4) documentation that would indicate the respondent’s military status.
One of the documents mentioned in the Benabi case that could be used as support for the affidavit of nonmilitary status is a statement from the military service directly. These documents include certificates signed by Adjutant General of the Navy or other proper officers, which have been held to be prima facie evidence of a defendant’s military status. (Van Doeren v Pelt, 184 SW2d 744 [Mo Ct App 1945].)
In the instant case, petitioner was unable to contact respondent directly because, allegedly, respondent had already vacated the premises. To provide support for the affidavit supplied by petitioner’s managing agent, the agent contacted the Department of Defense Manpower Data Center. The agent supplied the Center with respondent’s name and Social Security number and, based on such information, the Center forwarded a statement, pursuant to the Soldiers’ and Sailors’ Civil Relief Act of 1940, that the person whose information was provided was not on active military service. The statement was signed by the Director of the Department of Defense.
The database that was used to obtain this information is an organ of the Department of Defense, which is the official source of data on eligibility for military medical care and other eligibility systems. The court holds that such documentation, provided directly from the Department of Defense from its Web site, is sufficient to enable the court to conclude that respondent is not currently on active military duty. Therefore, petitioner’s request to dispense with another form of affidavit of nonmilitary status is granted.
The court notes that petitioner provided additional information that would have been considered sufficient to support an affidavit of nonmilitary status, to wit, the statement of respondent’s brother that respondent was not in military service. However, the court was not asked to evaluate the sufficiency of that evidentiary support in the instant order to show cause.