Tri-Rail Designers & Bldrs., Inc. v Concrete Superstructures, Inc. (2025 NY Slip Op 06209)

Tri-Rail Designers & Bldrs., Inc. v Concrete Superstructures, Inc.

2025 NY Slip Op 06209

Decided on November 12, 2025

Appellate Division, Second Department

Genovesi, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2024-04542
 (Index No. 615322/21)

[*1]Tri-Rail Designers & Builders, Inc., respondent,
v
Concrete Superstructures, Inc., et al., appellants, et al., defendant.

APPEAL by the defendants Concrete Superstructures, Inc., and Doug Cartelli, in an action, inter alia, to recover damages for breach of contract, from an order of the Supreme Court (Denise L. Sher, J.), entered January 19, 2024, in Nassau County. The order denied those defendants' motion (1) pursuant to CPLR 5015(a) to vacate their default in appearing or answering the complaint and to vacate so much of a judgment of the same court dated July 29, 2022, as, upon an order of the same court entered July 27, 2022, granting the plaintiff's motion, among other things, pursuant to CPLR 3215 for leave to enter a default judgment against those defendants, is in favor of the plaintiff and against those defendants in the principal sum of $946,001.86 or (2), in the alternative, to vacate that portion of the judgment dated July 29, 2022, and to set the matter down for an inquest on the issue of damages. Justice Golia has been substituted for Justice Iannacci (see 22 NYCRR 1250.1[b]).

Port & Sava, Lynbrook, NY (George S. Sava of counsel), for appellants.
Law Office of Matthew F. Didora, P.C., Garden City, NY, for respondent.

GENOVESI, J.P.

OPINION & ORDER
The instant appeal presents a question which has not been directly addressed in this judicial department. As discussed below, it is well established that to obtain a default judgment, a movant must provide an affidavit stating that the defaulting party's failure to appear is not due to active military service. The failure to provide such an affidavit warrants denial of a motion for leave to enter a default judgment. However, the instant matter presents a more nuanced question: where a default judgment was entered in the absence of the requisite affidavit stating that the defaulting party's failure to appear is not due to active military service (hereinafter a non-military affidavit), is that defendant entitled to vacatur of the default judgment as of right? We hold that where, as here, the defaulting defendant does not purport to be a member of the United States military, the movant's failure to provide a non-military affidavit is not a basis for vacatur of an otherwise validly entered default judgment.
I. FACTS AND PROCEDURAL HISTORY
In 2017, the plaintiff, Tri-Rail Designers & Builders, Inc., was hired by BR-2012 Realty, LLC, to serve as the general contractor of a construction project for a York Studios campus. The plaintiff entered into a written contract for "certain concrete work" with the defendant Concrete Superstructures, Inc. (hereinafter Concrete), in exchange for the payment of $2,830,000. Concrete allegedly failed to complete the project.
In December 2021, the plaintiff commenced this action against Concrete and the defendant Doug Cartelli, the president of Concrete (hereinafter together the defendants), and another defendant, inter alia, to recover damages for breach of contract and seeking estimated damages in the sum of $916,001.86. Upon the defendants' failure to appear or answer the complaint, the [*2]plaintiff moved, among other things, pursuant to CPLR 3215 for leave to enter a default judgment against the defendants. In an order entered July 27, 2022, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendants and entered a judgment dated July 29, 2022 (hereinafter the July 2022 judgment), among other things, in favor of the plaintiff and against the defendants in the principal sum of $946,001.86.
In July 2023, the defendants moved pursuant to CPLR 5015(a) to vacate their default in appearing or answering the complaint and to vacate so much of the July 2022 judgment as was entered against them. They contended, in effect, that the plaintiff's failure to support its motion, inter alia, pursuant to CPLR 3215 for leave to enter a default judgment against them with a non-military affidavit as to Cartelli warranted vacatur of their default. In the alternative, the defendants moved to vacate that portion of the July 2022 judgment and to set the matter down for an inquest on the issue of damages, asserting that the damages sought were not for a sum certain. The plaintiff conceded that it did not provide a non-military affidavit as to Cartelli, but maintained that such a failure is not a basis to vacate the defendants' default, particularly where, as here, Cartelli was personally served and did not claim to be an active member of the United States military. In an order entered January 19, 2024, the Supreme Court denied the defendants' motion. The defendants appeal.
II. DISCUSSION
A. A Non-Military Affidavit
Generally, to succeed on a motion pursuant to CPLR 3215 for leave to enter a default judgment, a movant must address three categories of proof: (1) service of process upon the defendant, (2) the failure of the defendant to appear or answer the complaint, and (3) the merits of the plaintiff's cause of action. Additionally, a motion for leave to enter a default judgment must be supported by what has been colloquially termed a "non-military affidavit." This requirement is not mandated by the CPLR but rather is derived from federal law.
The Servicemembers Civil Relief Act (hereinafter the Act), formerly titled the Soldiers' and Sailors' Civil Relief Act of 1940 (former 50 USC Appendix § 501 et seq.), provides various protections for persons in the uniformed services while on active military duty (50 USC § 3931[a], [b]; see Uribe v Nieves, 2018 WL 4861377, *1, 2018 US Dist LEXIS 167984, *2 [ED NY, No. 17CV5155 (RRM/RER)]). Passed by an act of the United States Congress in 1918 (see Erickson v Macy, 231 NY 86, 91), "[t]he purpose of the Soldiers' and Sailors' Civil Relief Act is to prevent default judgments from being entered against members of the armed services in circumstances where they might be unable to appear and defend themselves" (United States v Kaufman, 453 F2d 306, 308-309 [2d Cir]; see 50 USC § 3902; Uribe v Nieves, 2018 WL 4861377, *1, 2018 US Dist LEXIS 167984, *2-3). As relevant to this appeal, the Act provides,
"In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—
"(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
"(B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service" (50 USC § 3931[b][1]).
A non-military affidavit must be based upon some kind of investigation and the affiant must provide specific facts to support the conclusion stated. The affidavit also must be based upon the affiant's personal knowledge and not on conclusory statements or upon "information and belief" (Innovative Sports Mgt., Inc. v Triangle Eatery & Bar, LLC, 2022 WL 18151927, *9, 2022 US Dist LEXIS 22663, *27 [ED NY, No. 21CV6909 (AMD/RER)]; Uribe v Nieves, 2018 WL 4861377, *1, 2018 US Dist LEXIS 167984, *3; see 50 USC § 3931[b][1]). Moreover, the required investigation cannot be conducted merely after the commencement of an action or proceeding but must be conducted after the party's default in appearance (see Bocon v 419 Manhattan Ave. LLC, 2025 WL 832730, *4, 2025 US Dist LEXIS 49512, *10 [ED NY, No.23CV3502 (PKC/MMH)]; Innovative Sports Mgt., Inc. v Triangle Eatery & Bar, LLC, 2022 WL 18151927, *9, 2022 US Dist LEXIS 226463, *27-28). While there is no singular manner of investigation, often in practice non-military affidavits are supported by signed statements from the Department of Defense Manpower Data Center, which typically indicate whether a person is on active military service at the [*3]time of the investigation (see generally 363 Assoc. v Sharhan, 2 Misc 3d 928, 930 [Civ Ct, NY County]).
Adopted by New York State in 1941 through article XIII of the Military Law as the New York State Soldiers' and Sailors' Civil Relief Act, the law in this state is substantially similar to the federal provisions and was enacted for the same purpose (see Matter of Ronelli-Dutcher v Dutcher, 176 AD3d 1358, 1359; Matter of Roslyn B. v Alfred G., 222 AD2d 581, 582). While the two acts originally included analogous provisions regarding affidavit requirements, it is noted that the affidavit provision of the New York State Soldiers' and Sailors' Civil Relief Act (Military Law § 303 [former 1]) was repealed in 1987 (L 1987, ch 693). The New York State Soldiers' and Sailors' Civil Relief Act currently provides,
"[w]here a default judgment may properly be rendered in any action or proceeding in any court, the court shall not require the attorney for the plaintiff or petitioner to submit an affidavit or affirmation that the defendant or respondent is not in military service, provided that the court may impose such requirement where authorized by federal law" (Military Law § 303[3]).
At the time of this amendment, this language was criticized as being ambiguous or misleading (see Mem of St of NY Div of Military and Naval Affairs, Bill Jacket, L 1987, ch 693 at 9), as it could be interpreted as eliminating the affidavit requirement. However, at that time, pursuant to directive No. 49 of Rules Committee of NYC Municipal Court dated October 21, 1940, the parties were required to provide both an affidavit from an investigator and an attorney's affidavit or affirmation regarding military service. The purpose of the amendment was to eliminate the need for the additional attorney's affidavit or affirmation, which was deemed unnecessary and burdensome (see Governor's Approval Mem, Bill Jacket, L 1987, ch 693 at 7; Letter from NY City Hous Auth, September 25, 1981, Bill Jacket, L 1987, ch 693 at 15). The text of the statute refers to the federal requirement, which remains applicable to all proceedings in New York (see generally Citibank, N.A. v McGarvey, 196 Misc 2d 292 n 3 [Civ Ct, Richmond County]; Tivoli Assoc. v Foskey, 144 Misc 2d 723, 726 [Civ Ct , Kings County]).
B. Vacatur of a Default Judgment Entered in the Absence of a Non-Military Affidavit
It is clear that a non-military affidavit is counted amongst the proof required for a movant to meet its burden on a motion for leave to enter a default judgment. A movant's failure to provide a non-military affidavit is sufficient to warrant denial of such a motion in the first instance (see generally Matter of Petre v Lucia, 205 AD3d 438; Bocon v 419 Manhattan Ave. LLC, 2025 WL 832730, *4, 2025 US Dist LEXIS 49512, *10; Avgush v De La Cruz, 30 Misc 3d 133[A], 2011 NY Slip Op 50076[U] [App Term, 2d Dept, 9th & 10th Jud Dists]). However, the instant appeal presents a more nuanced question: where a default judgment was improperly entered in the absence of a non-military affidavit, is a defendant entitled to vacatur of the default judgment as of right? We hold that the failure to provide a non-military affidavit does not automatically warrant vacatur of an otherwise validly entered default judgment.
CPLR 5015(a) lists the various grounds for vacating orders or judgments rendered upon the default of a party. The categories stated therein "represent a codification of the principal grounds upon which courts have traditionally vacated default judgments as part of their 'inherent discretionary power'" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68, quoting David D. Siegel, Prac Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:11 [1992]). However, CPLR 5015(a) does not provide an exhaustive list as to when a default judgment may be vacated. "Indeed, the drafters of that provision intended that courts retain and exercise their inherent discretionary power in situations that warranted vacatur but which the drafters could not easily foresee" (Woodson v Mendon Leasing Corp., 100 NY2d at 68; see 3d Preliminary Rep of Advisory Comm on Prac and Pro, 1959 NY Legis Doc No. 17 at 204).
In determining whether vacatur is warranted, we turn first to the statutory text, as it is the clearest indicator of legislative intent (see Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal, 43 NY3d 275, 282; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583). The Court of Appeals has long held that "'in construing the language of a statute, the courts should look for the intention of the People and give to the language used its ordinary meaning'" (Matter of Hoffmann v New York State Ind. Redistricting Commn., 41 NY3d 341, 359, quoting Matter of Sherrill v O'Brien, 188 NY 185, 207). Here, the Act provides,
"If a default judgment is entered in an action covered by this section against a [*4]servicemember during the servicemember's period of military service (or within 60 days after termination of or release from such military service), the court entering the judgment shall, upon application by or on behalf of the servicemember, reopen the judgment for the purpose of allowing the servicemember to defend the action if it appears that—
"(A) the servicemember was materially affected by reason of that military service in making a defense to the action; and
"(B) the servicemember has a meritorious or legal defense to the action or some part of it" (50 USC § 3931[g][1]).
It is clear from this text that the Act carves out a remedy for vacatur of default judgments pursuant to this section. However, this remedy is limited to applications made "by or on behalf of the servicemember" and "for the purpose of allowing the servicemember to defend the action" under certain circumstances. The statutory text does not support the defendants' assertion that any person may seek to vacate a default judgment based on a failure to comply with the Act. Therefore, we hold that a movant's failure to provide a non-military affidavit does not entitle a defendant to vacatur of an otherwise validly entered default judgment as of right. Where, as here, the defaulting party has made no assertion of being on active military duty at the time of his or her default, he or she falls outside of the protection afforded by the Act.
We warn that such a holding must not be read as altering a movant's initial burden on motions for leave to enter a default judgment. A non-military affidavit is required and failure to provide such an affidavit warrants denial of the motion. However, where, as here, a default judgment was improperly entered, in order to be afforded the protection of the Act, a defendant seeking vacatur must establish as part of their initial burden that this remedy is sought "by or on behalf of the servicemember." To hold otherwise and to grant any defendant the right to challenge a default judgment would permit civilians to take advantage of those protections that were specifically afforded to our servicemembers and would belie the purpose of the Act. What was intended by the legislature as a shield should not be used permissively as a sword.
While the question of whether a defendant is entitled to the vacatur of a default judgment as of right where the default judgment was entered in the absence of a non-military affidavit had not been directly addressed by this judicial department, our holding today comports with interpretations by other courts throughout New York State. When presented with such an inquiry, the Appellate Division, First Department, centered its analysis on whether the defaulting party had made any assertion of being in active military service at the time of the default (see Gantt v North Shore-LIJ Health Sys., 140 AD3d 418, 418; Department of Hous. Preserv. & Dev. of City of N.Y. v West 129th St. Realty Corp., 9 Misc 3d 61, 62-63 [App Term, 1st Dept]). Courts throughout the state have treated default judgments entered in the absence of a non-military affidavit as a mere irregularity, rather than as a jurisdictional defect (see Bigio v Gooding, 213 AD3d 480, 481, citing Gantt v North Shore-LIJ Health Sys., 140 AD3d at 418; Matter of Petre v Lucia, 205 AD3d at 438; Department of Hous. Preserv. & Dev. of City of N.Y. v West 129th St. Realty Corp., 9 Misc 3d at 62; Citibank v McGarvey, 196 Misc 2d at 301). This includes circumstances where a non-military affidavit was deficient or contained some error (see Bigio v Gooding, 213 AD3d at 481; Gantt v North Shore-LIJ Health Sys., 140 AD3d at 418) or where the movant failed to submit a non-military affidavit altogether (see Matter of Petre v Lucia, 205 AD3d at 438). Moreover, as noted by the Appellate Term, First Department, courts across the country appear to agree by treating the absence of a valid non-military affidavit as a simple irregularity and deeming default judgments entered upon invalid non-military affidavits not as void ab initio as a matter of law but, rather, as voidable upon application of the servicemember (see Department of Hous. Preserv. & Dev. of City of N.Y. v West 129th St. Realty Corp., 9 Misc 3d at 62-63 [Suarez, P.J., concurring]; see generally Desjarlais v Gilman, 143 Vt 154, 463 A2d 234 [where the defendant was not in military service at any material time, he was not a person entitled to the protection afforded by the Act]; Poccia v Benson, 99 RI 364, 367, 208 A2d 102, 104-105 ["we are of the opinion that it is well settled that only those who have been in the military forces may take advantage of a plaintiff's failure to comply with this rule"]; Haller v Walczak, 347 Mich 292, 299, 79 NW2d 622, 625 [the defendants were not entitled to "attack the default judgment" based on the failure to file a non-military affidavit, as the [*5]court found that they were not in military service and, therefore, were not prejudiced by the omission; "The local court rule and the statutes therein referred to were not designed for their benefit and protection"]; Snapp v Scott, 1946 OK 114, ¶18, 167 P2d 870, 873 ["only a defendant who was in the military service at the time of default judgment . . . may take advantage of the Act"]; Lyle v Haskins, 24 Wash 2d 883, 902, 168 P2d 797, 808 ["The act is for the exclusive benefit of the serviceman . . . . He alone can take advantage of it, and then only upon showing that his interest has been deleteriously affected"]; see also PNC Bank, N.A. v Kemenash, 335 NJ Super 124, 761 A2d 118; Hart, Nininger and Campbell Assocs., Inc. v Rogers, 16 Conn App 619, 548 A2d 758).
III. APPLICATION OF THE LAW
A. Vacatur of the Defendants' Default
Applying these principles to the case at bar, we hold that contrary to the defendants' contentions, they failed to establish entitlement to vacate their default in appearing or answering the complaint. It is undisputed that, in the instant case, the plaintiff failed to provide a non-military affidavit with respect to Cartelli. However, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 5015(a) to vacate their default and to vacate so much of the July 2022 judgment as was entered in favor of the plaintiff and against them based upon this failure, as the defendants failed to establish that Cartelli is entitled to the protection of the Act. There is no dispute as to the validity of service of process on Cartelli, who was personally served in this action. The defendants failed to demonstrate that Cartelli ever was a member of the United States military or that his default in appearing or answering the complaint in this action was due to active military service.
As stated above, to permit the defendants to vacate their default on this basis would be contrary to the purpose of the Act, as it would permit civilians to take advantage of those protections afforded to our servicemembers. Therefore, we conclude that the plaintiff's failure to support its motion with a non-military affidavit was a mere irregularity and does not warrant vacatur of the defendants' default and so much of the July 2022 judgment as was entered in favor of the plaintiff and against them on that basis (see Gantt v North Shore-LIJ Health Sys., 140 AD3d at 418; Department of Hous. Preserv. & Dev. of City of N.Y. v West 129th St. Realty Corp., 9 Misc 3d at 62).
B. Inquest on the Issue of Damages
Although the defendants are not entitled to vacate their default in appearing or answering the complaint under the circumstances of this case, they are entitled to vacatur of so much of the July 2022 judgment as was entered against them and to an inquest on the issue of damages. "A defaulting defendant 'admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages'" (Castaldini v Walsh, 186 AD3d 1193, 1194, quoting Rokina Opt. Co. v Camera King, 63 NY2d 728, 730; see Glenwood Mason Supply Co., Inc. v Frantellizzi, 138 AD3d 925, 926). "In determining the proper measure of damages against a defaulting party, [t]he court, with or without a jury, may make an assessment or take an account or proof, or may direct a reference" (Commonwealth Land Title Ins. Co. v Islam, 220 AD3d 739, 741 [internal quotation marks omitted]; see CPLR 3215[b]; Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 572).
"Where the damages sought are for a 'sum certain or for a sum which can by computation be made certain,'" CPLR 3215(a) permits the clerk, upon proper proof, to enter judgment up to the amount demanded in the complaint, without notice to the defendant (Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d at 572). Otherwise, an application to the court pursuant to CPLR 3215 is required and an inquest is appropriate to assess damages (see Ross v Sunrise Home Improvement, 186 AD3d 633, 635). Where damages cannot be determined without extrinsic proof, an inquest is required (see Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d at 572; Pikulin v Mikshakov, 258 AD2d 450, 451). Furthermore, pursuant to CPLR 3215(b), the judgment "shall not exceed in amount or differ in type from that demanded in the complaint" (see 96 Pierrepont, LLC v Mauro, 19 AD3d 667, 668; P & K Marble v Pearce, 168 AD2d 439, 439-440).
In the instant case, the Supreme Court should not have assessed damages without conducting an inquest. Here, the plaintiff did not seek a "sum certain" or obtain judgment upon application to the clerk pursuant to CPLR 3215(a). Rather, in support of the plaintiff's motion, among other things, for leave to enter a default judgment against the defendants, the plaintiff relied solely on the verified complaint as proof of ascertainable damages as listed in the ad damnum clause, wherein it "estimated" its financial damages to be $916,001.86. While the complaint is verified by [*6]the president of the plaintiff, who swore to his personal knowledge therein when making such an estimate, the plaintiff provided no further proof of assessed damages (see id. § 3215[b]; 22 NYCRR 202.46[b]). The defendants, by way of their default, did not admit to the plaintiff's conclusions as to damages in the complaint (see Castaldini v Walsh, 186 AD3d at 1194). Moreover, the plaintiff was awarded a judgment in the amount of $946,001.86, which improperly exceeds the amount sought in the complaint by $30,000. Accordingly, under the circumstances presented here, the court should not have assessed damages without conducting an inquest (see Ross v Sunrise Home Improvement, 186 AD3d at 635).
IV. CONCLUSION
The Supreme Court properly determined that the defendants were not entitled to vacatur of their default in appearing or answering the complaint and so much of the July 2022 judgment as was entered in favor of the plaintiff and against them based upon the absence of a non-military affidavit. Nevertheless, the court should have vacated that portion of the July 2022 judgment and set the matter down for an inquest on the issue of damages. Therefore, we remit the matter to the Supreme Court, Nassau County, for an inquest on the issue of damages and for the entry of an appropriate amended judgment thereafter.
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the order entered January 19, 2024, is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Concrete Superstructures, Inc., and Doug Cartelli which was to vacate so much of the judgment dated July 29, 2022, as is in favor of the plaintiff and against those defendants in the principal sum of $946,001.86 and to set the matter down for an inquest on the issue of damages, and substituting therefor a provision granting that branch of those defendants' motion; as so modified, the order entered January 19, 2024, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for an inquest on the issue of damages and for the entry of an appropriate amended judgment thereafter. Pending the assessment of damages and the entry of an appropriate amended judgment thereafter, the judgment dated July 29, 2022, shall continue to stand as security, with execution thereof stayed.
WOOTEN, LOVE and GOLIA, JJ., concur.
ORDERED that the order entered January 19, 2024, is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Concrete Superstructures, Inc., and Doug Cartelli which was to vacate so much of the judgment dated July 29, 2022, as is in favor of the plaintiff and against those defendants in the principal sum of $946,001.86 and to set the matter down for an inquest on the issue of damages, and substituting therefor a provision granting that branch of those defendants' motion; as so modified, the order entered January 19, 2024, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for an inquest on the issue of damages and for the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that pending the assessment of damages and the entry of an appropriate amended judgment, the judgment dated July 29, 2022, shall continue to stand as security, with execution thereof stayed.
ENTER:
Darrell M. Joseph
Clerk of the Court