[No. B080426. Second Dist., Div. Two. Dec. 19, 1994.]

INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF
SOUTHERN CALIFORNIA, Plaintiff and Appellant, v.
MATTHEW JOSEPH COLLINS, Defendant and Respondent.

## COUNSEL

Davis & Drum and Richard Lorne Davis for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## OPINION

**NOTT, J.**—Appellant Interinsurance Exchange of the Automobile Club of Southern California filed a complaint for subrogation recovery against Matthew Joseph Collins.[1] Appellant submitted a request to enter default, which was rejected by the clerk of the court. The clerk informed counsel for appellant that the default could not be entered because the declaration of Mr. Collins's nonmilitary status was not signed.

[1] Mr. Collins did not file a respondent's brief on appeal.

A hearing was held at which the trial court advised counsel for appellant if the declaration was not signed the clerk could not enter the default and the matter would be dismissed.

On the next hearing date, the trial court continued the status hearing and sanctioned counsel for appellant $250 for reasons unexplained by the record. The case was dismissed soon after, and this appeal followed.

## DISCUSSION

Appellant contends that a declaration of nonmilitary status is not required to obtain a default. Appellant is correct.

The Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C. Appen. §§ 501-591) requires: "In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, *before entering judgment* shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. . . . If an affidavit is not filed showing that the defendant is not in the military service, *no judgment shall be entered* without first securing an order of court directing such entry . . . . Whenever . . . facts may be . . . established . . . by . . . declaration, . . . the filing of such . . . declaration . . . shall satisfy the requirement . . . that facts be established by affidavit." (50 U.S.C. Appen. § 520(1), italics added.)

The fundamental rule of statutory construction is that the court determine legislative intent to effectuate the purpose of the law. (*Khan* v. *Medical Board* (1993) 12 Cal.App.4th 1834, 1842 [16 Cal.Rptr.2d 385].) We turn first to the words of the statute to determine that intent. (*Ibid.*) Giving effect to statutes according to the ordinary import of the language used in them, there can be no room for interpretation if we find that the language is clear. (*Ibid.*)

The language of the controlling statute plainly does not bar the entry of default without the affidavit or declaration. This reading of the statute is supported by earlier case law. (See *B & B Sulphur Co.* v. *Kelley* (1943) 61 Cal.App.2d 3, 7 [141 P.2d 908] [affidavit setting forth facts showing defendant not in military service should be made at the time of the making and entry of the default judgment]; *National Bank of Far Rockaway* v. *Van Tassell* (1942) 178 Misc. 776 [36 N.Y.S.2d 478, 480] [affidavit stating defendant not in the military at time of service of process was not in compliance with the federal statutory requirement that the affidavit be filed before entering judgment]; *In re Cool's Estate* (1941) 19 N.J. Misc. 236 [18

A.2d 714, 716]; see also *Mader* v. *Christie* (1921) 52 Cal.App. 138, 141 [198 P. 45], interpreting the preceding statute [affidavit filed before entry of judgment is seasonably filed].)[2] We agree with *Van Tassell*'s implied holding that Congress sought to protect military personnel not from defaults, but from default judgments.

Moreover, form 982(a)(6), adopted by the Judicial Council of California and entitled, "Request for Entry of Default," includes a declaration of nonmilitary status.[3] The form states that the declaration must be signed "for a judgment."

In light of the plain language of the statute and the consistency of these authorities, we hold that the clerk of the court may not refuse to enter a default because the plaintiff has not yet filed a signed declaration of nonmilitary status, as the federal statute does not require that the signed declaration be filed at that time. Accordingly, this case should not have been dismissed on that ground.

 In the conclusion section of appellant's brief, we are requested to instruct the trial court to vacate its order imposing sanctions on counsel. We are asked to do so without a record that explains the reasoning of the court that imposed the sanctions, so that the order may be reviewed for abuse of discretion. (See *Caldwell* v. *Samuels Jewelers* (1990) 222 Cal.App.3d 970, 978 [272 Cal.Rptr. 126].) Appellant must affirmatively show error by an adequate record; error is never presumed. (*Null* v. *City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532 [254 Cal.Rptr. 492].) Indeed, a judgment or order of the lower court is presumed correct. (*Ibid.*) Moreover, parties are required to include argument and citation to authority in their briefs, and the absence of these necessary elements allows this court to treat appellant's sanction issue as waived. (*Troensegaard* v. *Silvercrest Industries, Inc.* (1985) 175 Cal.App.3d 218, 228 [220 Cal.Rptr. 712].) For these reasons, the order imposing sanctions will stand.

---

[2]The former statute, "Act Sept. 3, 1919, ch. 55, 41 Stat. 282, provided that where default judgments were entered and no affidavits required by [former] section 111 of this Appendix had been filed, the plaintiff, on notice, could file an affidavit stating that persons in default were not in military service at time of entry of default judgment and authorized court to enter an order making the judgment effective as of date of entry." (50 U.S.C. Appen. §§ 161 to 165 omitted.)

[3]The declaration states, "No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C. Appen. § 501 et seq.)."

## Disposition

The order of dismissal is reversed. Appellant is awarded costs on appeal.

Gates, Acting P. J., and Fukuto J., concurred.

A petition for a rehearing was denied January 11, 1995.