Filed 10/7/13  Mahmood v. Bank of America CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MASOOD MAHMOOD,<br><br>   Plaintiff and Appellant,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>   Defendant and Respondent. | B242637<br><br>(Los Angeles County<br>Super. Ct. No. LC091291) |

　

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard Adler, Judge.  Affirmed.

Arthur Wasserman for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton, Erik Kemp and Kerry W. Franich for Defendant and Respondent.

Masood Mahmood sued Bank of America, N.A. (the Bank) after the Bank refused his demand for payment of approximately $325,000 from an account opened by his deceased brother in which plaintiff claimed a joint interest. The trial court ruled on summary adjudication that plaintiff had presented no evidence to support his contention that he was a joint owner of the account. Plaintiff contends on appeal that the trial court erred by excluding admissible evidence to support the claim and improperly granted the Bank's summary judgment motion. We concur with the trial court that plaintiff failed to establish that there was a disputed issue of material fact regarding the account's ownership, and so affirm the judgment of dismissal.

## FACTUAL AND PROCEDURAL SUMMARY

In August 2006, Aslam Mahmood opened certificate of deposit account No. *5365 at the Bank by telephone. He funded the account by closing another certificate of deposit account at the Bank held in his name individually, and transferring the balance to the new account. A signature card, which forms a part of the depositor contract, is the usual means by which a depositor indicates whether an account is individual or joint. However, because Aslam opened account No. *5365 by telephone, he did not contemporaneously complete a signature card. Indeed, no signature card for the account was ever located. However, in opening the account, the Bank indicated in its records that Aslam was the sole owner of the account. Consequently, the Bank attributed the interest earned on the account to Aslam alone, and issued Form 1099-INT's in his name only for each year between 2007 and 2010.

Both plaintiff and Aslam owned other accounts at the Bank, some individually and some jointly. The Bank issued 1099-INT forms that identified both Aslam and plaintiff on joint accounts. However, with respect to individual accounts held by Aslam and plaintiff, the Bank issued 1099-INT forms that only identified the particular holder of the account.

In December 2004, Aslam added plaintiff as an owner to his primary checking account, No. *936, as well as to account No. *524. The deposit agreement for Aslam's

2

checking account allowed him to "link" any other accounts with his checking account and request a combined statement of all "linked" accounts. Aslam requested a combined statement of his linked accounts. Consequently, on Aslam's instructions, plaintiff received statements for Aslam's "linked" individual accounts, including account No. *5365.

Aslam died intestate on November 14, 2009. When the Bank refused his demand for payment of the funds held in account No. *5365, plaintiff filed this action. Both parties moved for summary judgment or, in the alternative, summary adjudication.

In response to the Bank's summary judgment motion, plaintiff submitted his declaration stating that he and Aslam had discussed on many occasions their intention to maintain all of their accounts as either joint or "payable on death" accounts. Plaintiff declared that he "was a party to all of the financial transactions regarding Aslam Mahmood" and that he received all of the Bank's mail addressed to Aslam. The declaration identified other Bank of America accounts, as well as accounts held at Chase National Bank, Charles Schwab, Vanguard, and Lockheed Credit Union, all of which, according to plaintiff, were established as joint or payable on death accounts, and paid the account proceeds to plaintiff upon his demand after Aslam's death.

Plaintiff stated, "It appears, therefore, that all of the accounts were set up either by way of joint tenancy and/or pay on death and they were designed automatically to come to me upon his death. [¶] The arrangements between Aslam Mahmood and me were such that if any of the accounts had not been so set up, he or I would have changed the way they were set up so that they would go as above set forth, either by way of pay on death or joint tenancy." He concluded, "Neither I nor Aslam Mahmood knew that the account in question was anything other than a joint account. We saw no paperwork to indicate that it was [not] a joint account, our intention was for it to be a joint account, we received bank statements indicating to us it was a joint account, and, if we had any suspicion whatsoever, the account would have been changed into a joint account."

The Bank objected to plaintiff's declaration on various grounds. The trial court sustained the Bank's objections to information concerning accounts held at other

financial institutions as irrelevant, to the statement that all of the Bank's correspondence was sent to his address for lack of personal knowledge, and to plaintiff's assertion that Aslam did not know the CD account to be "anything other than a joint account" as hearsay and lacking in personal knowledge.

The court heard the summary judgment motions on August 31, 2011. After taking the matter under submission, the trial court entered an order denying the cross-motions for summary judgment, but granting the Bank summary adjudication "as to the issue of joint ownership of the account." However, the court granted plaintiff leave to pursue theories other than joint ownership which might permit him to recover the proceeds of the account outside of probate. The court ultimately dismissed plaintiff's second amended complaint after sustaining the Bank's demurrer thereto without leave to amend.

DISCUSSION[1]

"On appeal from a summary judgment, our task is to independently determine whether an issue of material fact exists and whether the moving party is entitled to summary judgment as a matter of law. [Citation.] 'We independently review the parties' papers supporting and opposing the motion, using the same method of analysis as the trial court. Essentially, we assume the role of the trial court and apply the same rules and standards.' [Citation.] We apply the same three-step analysis required of the trial court. First, we identify the issues framed by the pleadings since it is these allegations to which the motion must respond. Second, we determine whether the moving party's showing has established facts which negate the opponent's claim and justify a judgment in the moving party's favor. When a summary judgment motion prima facie justifies a

_____

[1] We note the Bank's request that the appeal be dismissed or the judgment affirmed without a review of the merits due to plaintiff's failure to provide a reporter's transcript of the proceedings. The issue on appeal is whether purportedly erroneous evidentiary rulings caused the trial court to improperly grant the Bank's summary judgment motion. Because the record includes a lengthy minute order detailing the basis for the court's evidentiary rulings, and there is no dispute regarding the nature of the rulings, we find the record is adequate for appellate review.

4

judgment, the third and final step is to determine whether the opposition demonstrates the existence of a triable issue of material fact. [Citations.] In so doing, we liberally construe the opposing party's evidence, strictly construe the moving party's evidence, and resolve all doubts in favor of the opposing party. [Citations.]" (*Hutton v. Fidelity National Title Company* (2013) 213 Cal.App.4th 486, 493-494.)

The written contract which forms the basis of plaintiff's breach of contract cause of action (the Depositor Agreement) states that the Bank "may determine the type of account and ownership of an account from the information in [its] records." It is undisputed the Bank's records indicated the subject account was individual, not joint. Thus, the Bank met its burden on summary judgment to establish a fact – that Aslam was the sole owner of account No. *5365 – which negated plaintiff's claims and justified a judgment in the Bank's favor. It was then incumbent upon plaintiff to produce admissible evidence to raise a triable issue of fact about the ownership of the subject account. Plaintiff was not able to do so.

Plaintiff relied on two pieces of evidence to meet his burden on summary judgment. First, he produced the consolidated account statements for account No. *5365 and Aslam's checking account, which listed plaintiff's name and were sent to his address, to permit the inference that he was a joint owner of the subject account. However, the Bank submitted admissible evidence which established that the recipient of a "linked" statement is not necessarily an owner of each account appearing on the statement. Thus contrary to plaintiff's contention, it was not reasonable to infer that merely because his name appeared on the statements for account No. *5365, he was an owner of the account.

Plaintiff also submitted his declaration attesting to Aslam's intention to hold all of his assets jointly with, or payable on death to, plaintiff. Plaintiff stated that he and his brother had discussed "on numerous occasions" the fact that Aslam had arranged all of his financial accounts to be either "payable on death" to plaintiff, or held in their joint names. His declaration listed, by financial institution and account number, six such accounts, and stated that all proceeds of those accounts had been paid to him on Aslam's death. Plaintiff relied on this evidence to support the inference that Aslam intended the

5

subject account to be jointly held in plaintiff's name.  Plaintiff submits the trial court abused its discretion in excluding, on grounds of relevance, his statements concerning Aslam's intent.

As the Bank argues, Aslam's subjective intent in opening account No. *5365 was not the critical issue; regardless of Aslam's subjective intent, if he told the bank officer the account was for his benefit alone, no joint account was created.  Plaintiff speculates someone, either Aslam or the Bank, must have made a mistake, and maintains the Bank erred in recording Aslam's intent.  However, assuming a mistake was made, plaintiff's evidence did not permit an inference as to which party made the mistake.  The trial court therefore properly excluded plaintiff's declaration as lacking in relevance.

In sum, it was plaintiff's burden on summary judgment to come forward with admissible evidence to refute the accuracy of the Bank's records.  Because plaintiff failed to do so, the trial court properly granted summary adjudication to the Bank.

In his reply brief, plaintiff argues that the trial court erred in sustaining the Bank's demurrer to the second amended complaint without leave to amend.  However, plaintiff made no such claim in his opening brief, and so has waived the contention.  (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764 [arguments raised for first time in reply brief generally not considered, absent good reason for failing to present them earlier].)  Moreover, plaintiff makes broad assertions of error, but fails to make a coherent argument or cite any authority for his claims.  Consequently, they are waived.  (*Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 ["[P]arties are required to include argument and citation to authority in their briefs, and the absence of these necessary elements allows this court to treat appellant's [contentions] as waived"].)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KUMAR, J.[*]

We concur:

TURNER, P. J.

MOSK, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.