Filed 12/16/13  Neuwirth v. Silverstein CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| RACHEL NEUWIRTH,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>RICHARD SILVERSTEIN,<br><br>    Defendant, Respondent and Appellant;<br><br>JOEL BEININ,<br><br>    Defendant and Respondent. | B235784<br><br>(Los Angeles County<br>Super. Ct. No. SC094441) |

APPEALS and CROSS-APPEAL from judgments of the Superior Court of Los Angeles County, Gerald Rosenberg and Linda K. Lefkowitz, Judges.  Judgments affirmed; cross-appeal dismissed as moot.

Charles L. Fonarow for Plaintiff, Appellant and Respondent Neuwirth.

Lane Powell and Janis White (pro hac vice); Hogan Lovells US, Dean Hansell and Rachel A. Patta for Defendant, Respondent and Appellant Richard Silverstein.

Freeburg & Nettels, Steven J. Freeburg and Gregory Freeburg for Defendant and Respondent Joel Beinin.

## INTRODUCTION

The plaintiff filed a complaint for defamation against two defendants who then filed special motions to strike the complaint pursuant to Code of Civil Procedure section 425.16. In the plaintiff's prior appeal from the trial court's grant of both motions, we concluded the trial court had erred in determining the plaintiff had failed to make a prima facie showing of facts sufficient to support a judgment in her favor if the evidence supporting her claim as to each defendant was credited. The matter was bifurcated for trial, with a jury trial for one defendant and a bench trial for the other.

The jury rendered a special verdict in favor of the first defendant, and the trial court found the plaintiff had failed to carry her burden of proof as to the second. The plaintiff appeals from the judgments entered in favor of both defendants, and one of the defendants has filed a cross-appeal. We affirm the judgments, and the cross-appeal is dismissed as moot.

## FACTUAL AND PROCEDURAL SUMMARY

According to the allegations of her complaint, Rachel Neuwirth is a respected journalist working in the Los Angeles area. A "native of Israel, [she] has expressed strong pro-Israel views." "[P]ossibly in part because of her political views," she alleged, Richard Silverstein and Joel Beinin "harbor actual malice and animosity" toward her and want to damage her reputation and emotional well-being.

By way of background in this regard, Neuwirth alleged Rabbi Chaim Seidler-Feller, Director of Hillel at UCLA, physically attacked her without provocation in October 2003. Shortly after this attack, she said, "disciples of Seidler-Feller maintained in public print that [she] had provoked the attack by making inc[e]ndiary statements" to him. Neuwirth denied these allegations. As a result of her injuries, she said, she sought legal redress and reached an "amicable settlement" with Seidler-Feller and Hillel accompanied by a letter of apology from Seidler-Feller, "published in various tribunals," in which he "acknowledged that the attack upon [Neuwirth] was unprovoked, that he took

full responsibility for said attack and apologized for his actions."[1] Notwithstanding Seidler-Feller's admissions, "in an effort to vilify and damage [Neuwirth's] reputation further," Silverstein published on the Internet a statement which "in effect called [Neuwirth] a liar" and took the position that Neuwirth had, in fact, provoked the attack and that Seidler-Feller's "original version" was more credible than Neuwirth's. Silverstein "couch[ed] his allegations in the terms of his 'opinion'" to avoid subjecting himself to an action for libel.[2]

Thereafter, she alleged (in her first cause of action), Silverstein "decided to go further and commit a blatant libel of [Neuwirth]." On May 3, 2007, he published on the Internet an article in which he referred to her as "a 'Kahanist swine' thereby accusing [her] of being a member of a terrorist organization" and exposing her to hatred, contempt and ridicule and injuring her in her occupation in violation of Civil Code section 45. "The United States Department of State has issued . . . a list of terrorist organizations which include such organizations as Al-Qaida, the Palestine Liberation Front, and Kahane Chai, among others. To refer to a person as a Kahanist is to brand that person as a terrorist." Silverstein knew his publication was false, and it constituted libel per se, she said.

On May 13, Neuwirth alleged (in her second cause of action), Beinin published on the Internet a statement accusing her of having made a death threat against him although this allegation was false and Beinin knew at all times it was false; it was published for the express purpose of causing Neuwirth harm. At the same time, Silverstein issued another

---

[1]	In a prior appeal in that case, we reversed the trial court's order overruling the defendants' demurrer to two of Neuwirth's causes of action. (See *Neuwirth v. Los Angeles Hillel Council* (Jul. 12, 2006, B185805) [nonpub.opn.].)

[2]	She said Beinin joined Silverstein in these allegations and falsely alleged Neuwirth had issued a death threat against him (as described in her second cause of action); the two "conspired and collu[d]ed to damage [her] reputation" and cause her harm.

3

statement on the Internet reiterating the allegation Neuwirth had made a death threat against Beinin, although Silverstein knew the statement to be false. Accusing her of committing this crime, she alleged, also constituted libel per se under Civil Code section 45.

In response, both Silverstein and Beinin filed special motions to strike which the trial court granted. (Code Civ. Proc., § 425.16.) In our prior opinion, we reversed, finding Neuwirth had made the minimal showing sufficient to withstand the motions to strike and the case proceeded in the trial court.

Beinin and Silverstein submitted joint proposed jury instructions, including special verdict Nos. (VF-1700 (defamation per se (public officer/figure and limited public figure) and VF-1701 (defamation per quod—essential factual elements (limited public figure)). Beinin also requested CACI No. 1720 (affirmative defense--truth), and the jury received this instruction as well.[3] It appears Neuwirth did not file any proposed jury instructions or request any special verdict forms.

On April 4, 2011, the matter was severed for trial as Beinin requested a jury trial (while Silverstein and Neuwirth waived their rights to a jury).

At the conclusion of the trial as to Beinin, the jury answered the questions presented as follows:

"1.    Did Joel Beinin make the following statement to a person/persons other than Rachel N[eu]wirth? 'Rabbi Chaim Feller's lawyer has my deposition on Rachel Neuwirth's death threat to me.'

"__X___ YES        _____ NO

---

[3]    The jury was instructed with CACI No. 1720 as follows: "Joel Beinin is not responsible for Rachel Neuwirth's harm, if any, if he proves that his statement about Rachel Neuwirth was true. Joel Beinin does not have to prove that the statement was true in every detail, so long as the statement was substantially true."

4

"If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

"2. Did the people to whom the statement was made reasonabl[y] understand that the statement was about Rachel Neuwirth?

"__X___ YES        _____ NO

"If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

"3. Was the statement substantially true?

"__X___ YES        _____ NO

"If your answer to question 3 is no, then answer question 4. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form. . . ."

Judgment was subsequently entered in favor of Beinin and against Neuwirth.

Later, the matter proceeded to a court trial to address Neuwirth's claims against Silverstein. Neuwirth failed to provide a proper summary of the factual and procedural history in her opening brief, but the trial court (Hon. Linda Lefkowitz) prepared a 15-page statement of decision. As background, the trial court provided this summary of Neuwirth's claim and the evidence presented: "Mr. Silverstein operates an internet website, 'Tikkun Olam' from his residence in the State of Washington. It focuses upon the area of Israeli politics generally, and the Israeli-Palestinian question more specifically. He describes himself as one trying to 'promote peacemaking in the Middle East', amid 'a lot of free debate' and [']strong emotional language' used on 'both sides of the conflict.' Ms . Neuwirth alleges that Mr. Silverstein defamed her in an internet message ('blog') on May 3, 2007 in which he referred to her as a 'Kahanist swine.' Defendant admits the publication; he further concedes he meant to insult her. However, he denies that the comment was defamatory, that he merely intended to describe her

right-wing political philosophy, which, in the context of Israeli politics, could not in context, be construed as accusing her of being a 'terrorist.'

"[Neuwirth] is a native of Israel who currently resides in Los Angeles.  She describes herself as a 'respected journalist.'  She has published articles and publications which from the exhibits admitted into evidence consist of website periodicals which focus upon Israeli politics.  These publications include the 'Jewish Press,' 'Think Israel,' 'Israel Inside,' 'American Daily,' 'America Think,' and 'Palestine Today.'

"Ms. Neuwirth concedes she has expressed '[S]trong pro-Israel views' on issues generally described as the 'Palestinian question.'  Although the issues in this area are many, and complex, her views as expressed in her writings, her testimony, the testimony of experts at trial, and as amplified in the courtroom include:  (1) returning Israel to its 'biblical borders,' which apparently includes areas of the current nations of Syria, Jordan, Egypt, etc.' (2) denial of the existence of an identifiable 'Palestinian people' in terms of nationhood; (3) the resettlement, and forced expulsion, if necessary of Palestinians to areas of Saudi Arabia; and (4) governing and limiting Israeli citizenship exclusively by religious law.  Mr. Silverstein has opposing views on the question, including, at least, as evidenced at trial, to a 'solution' which provides some autonomy or greater civil rights protections to the Palestine population in Israel, and which ideologically conceives of possible realignment of Israel's current borders, including the status of Jerusalem, to accommodate a Palestinian homeland."

The trial court recounted Neuwirth's testimony involving her role as an "activist," expressing her opposing views at demonstrations where she has been "shouted down," "physically threatened" and "verbally vilified."

Neuwirth claimed that by calling her "Kahanist swine," Silverstein's comment constituted defamation per se because the Department of State has issued a list of "Foreign Terrorist Organizations," which includes "Al Qaida" and the "Palestinian Liberation Front" as well as organizations known as "Kahane Chai" and aliases, "Kahane.org," "Kahane.net" and "Kach."

6

Silverstein presented testimony of two expert witnesses in defense of his statement. Dr. Sarah Benor, an expert in the area of Israeli-Palestinian politics and society and Dr. Gershon Shafir, Director of the Institute for Comparative Studies at UCLA. Both opined Silverstein's reference to Neuwirth was not and could not be construed to be a designation of her as a terrorist but rather referred to her political philosophy consistent with the founder of Kahanism.

The trial court rejected Neuwirth's claim that because we determined in the prior appeal, she had met the minimal showing sufficient to withstand the defendants' special motion to strike, the law of the case doctrine compelled judgment in her favor.

The trial court did find that Neuwirth had met her burden of showing "Silverstein's reference to her as a 'Kahanist,' particularly when intended as an insult, could be construed by a body of readers as to reach beyond mere reference to an opposed but peaceful political philosophy under *MacLeod v. Tribune Publishing Co.* (1959) 52 Cal.2d 536, 551. However, the court also found that Neuwirth was a "limited public figure" given her extensive efforts to "deeply inject[] herself" in the process of attempting to influence public opinion, and therefore was required to prove by clear and convincing evidence that Silverstein had made his statement with actual malice "in the constitutional sense." In analyzing Silverstein's statement in the context of the political debate in which it was made, the trial court could not find the requisite constitutional malice (and added that in any event, Neuwirth's damages could be no more than nominal damages ($1)).

Neuwirth appeals from the judgments in favor of Silverstein and Beinin. Silverstein cross-appeals.

### DISCUSSION

**Beinin Appeal.**

In her opening brief in her appeal from the judgment entered against her and in favor of Beinin, Neuwirth says "[she] alleged, in simple terms, that defendant Beinin had made a death threat against him to which he testified in his deposition in a prior case

7

involving a Rabbi who attacked [Neuwirth] outside Royce Hall."[4]  She says, "The sole issue to be determined in this case is whether or not the trial judge erred in refusing to clarify the obvious intent of the question before the Court and make clear to the jury that the inport [sic] question #3 was whether or not defendant Beinin had accused plaintiff of making a death threat against him."

During deliberations, she says, the jury submitted the following:  "Question #3: We need clarification.  Is this question asking whether the statement 'Rabbi H's lawyer has my depo on RN's death threat to me' is substantially true, or whether stating that she made a death threat is true."

The jury received the following response:  "The alleged defamatory statement is: 'Rabbi Chaim Feller's lawyer has my deposition on Rachel Neuwirth's death threat to me.'  [¶] You are to determine whether or not this statement is substantially true."

The jury further inquired:  "Is question 3 asking:

"1.     Whether it is true that the Rabbi's lawyer has JB's depo

"OR

"2.     Whether it is true that JB believes RN made a death threat against him?"

In response, the jury was instructed:  "You must determine the facts of this case from the evidence presented and answer the question whether or not the statement was substantially true.  It is your responsibility to determine which words, or all of them, in the statement, in order to answer this question."

"The most fundamental rule of appellate review is that an appealed judgment is *presumed to be correct*."  (Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2013) ¶¶ 8:15 to 8:17, pp. 8-5 to 8-6, emphasis in original; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see also *Cahill v. San Diego Gas & Elec. Co.* (2011) 194 Cal.App.4th 939, 956; *Winograd v. American Broadcasting Co.* (1998) 68

---

[4]     It appears Neuwirth means to say that Beinin *said Neuwirth* had made a death threat against him.

8

Cal.App.4th 624, 631-632.)  Any ambiguity favors affirmance.  (Eisenberg et al., Cal. Practice Guide, *supra,* ¶ 8:16 at p. 8-5.)

Neuwirth does not cite any of the evidence presented to the jury, any of the attorneys' preliminary discussions of the special verdict with the court, any of the arguments made to the jury in this regard or any discussions counsel and the court may have had in considering and responding to the jury's questions.  We have no way of knowing what Neuwirth's role or position with respect to the special verdict or jury questions may have been.  Neuwirth, who bears the burden of demonstrating error, elected to proceed with only the clerk's transcript but no reporter's transcript in the appeal as to Beinin.  Because Neuwirth bears the burden of demonstrating error and has failed to do so, the judgment as to Beinin must be affirmed.  (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; and see *Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362 [where appellant fails to present adequate record for review, judgment must be affirmed]; *Foust v. San Jose Constr. Co., Inc.* (2011) 198 Cal.App.4th 181, 187 [appellate argument forfeited where appellant included only selected excepts of clerk's transcript and none of reporter's transcript, preventing meaningful review].)

**Silverstein Appeal.**

In her opening brief challenging the judgment entered in favor of Silverstein, Neuwirth frames the issue as follows:  "Can the decision of Judge Lefkowitz withstand scrutiny for her various errors including her conclusion that the law of the case did not establish that Silverstein had committed libel per se by his statements against Neuwirth[?]"

First, Neuwrith misunderstands the doctrine of the law of the case.  Indeed, subdivision (b)(3) of Code of Civil Procedure section 425.16 specifically provides that the ruling on the special motion to strike has no bearing on the plaintiff's burden at trial. In any event, the trial court concluded that Silverstein's statements were libel per se.  The trial court further concluded that Neuwirth was a limited public figure.  Neuwirth asserts that this conclusion was erroneous, but provides no legal authority for that conclusion.

Accordingly, we need not consider it. "[P]arties are required to include argument and citation to authority in their briefs, and the absence of these necessary elements allows this court to treat appellant's issue as waived." (*Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448.) Finally, with respect to the required showing of malice, as the trial court explained in its statement of decision, constitutional malice for purposes of a defamation claim is not the same as malice in the context of punitive damages. The evidence must permit the conclusion the defendant actually had a "high degree of awareness of . . . probable falsity," and it is for the trier of fact to look to the subjective intent of the speaker in making the statement. (*McGarry v. University of San Diego* (2007) 154 Cal.App.4th 97, 114.) Neuwirth has failed to establish error in this regard.

Because we affirm the judgment in Silverstein's favor, we dismiss his cross-appeal as moot.

## *DISPOSITION*

The judgments are affirmed. Silverstein's cross-appeal is dismissed as moot. Silverstein and Beinin are to recover their costs on appeal.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**

10