Filed 7/22/14  Marriage of Gorin CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re Marriage of YULIYA and ALEX GORIN. | B250533 |
| | (Los Angeles County Super. Ct. No. BD527864) |
| YULIYA GORIN,<br><br>Respondent,<br><br>v.<br><br>ALEX GORIN,<br><br>Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Marc D. Gross, Judge.  Affirmed.

Alex Gorin, in pro. per., for Appellant.

No appearance by Respondent, Yuliya Gorin.

_____

Appellant Alex Gorin appeals from an order on child support arrears. Because appellant has established no basis for determining that the trial court abused its discretion, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

This is the second appeal in this dissolution matter. As we set forth in our previous opinion[1], appellant and his former wife Yuliya[2] have been involved in this proceeding since July 6, 2010. Spousal support orders were entered in August, 2010, which appellant sought to modify by an Order to Show Cause filed on January 26, 2011. The hearing on the Order was held on July 6, 2011; the trial court denied the modification, and ordered the payments of arrears and attorney's fees, secured by a lien on appellant's property. On the appeal of that order, this court affirmed.

Yuliya filed a request for order on March 28, 2013, after remand from this court, seeking to establish the current arrears, increase the lien, and set a payment date. Appellant filed no opposition. On the date set for the hearing, appellant did not appear, but a man claiming to be his uncle, but not an attorney, appeared seeking to represent appellant. The court denied the request, and granted the order.[3]

Appellant sought reconsideration on May 28, 2013, asserting that he was disabled and could not appear for himself, could not afford an attorney, and had been granted an accommodation in September 2011, allowing his uncle to speak for him in court.[4]

---

[1]     *Gorin v. Gorin* (Nov. 7, 2012, B234766) [nonpub. opn.].

[2]     Because the parties share the same last name, and not out of disrespect, we will refer to each of them by his or her first name.

[3]     The order was finally entered on June 7, 2013.

[4]     The ex parte Order on Request for Accommodations, filed on July 27, 2011, set as a condition of the accommodation that appellant provide the court with documentation concerning his employment status and disability no later than October 15, 2011. The record contains no indication that appellant complied at any time prior to the May 28, 2013 hearing.

Appellant also filed a motion for peremptory challenge on June 7, 2013. Yuliya opposed all of the motions. The court denied the peremptory challenge, the request to allow the uncle to represent appellant, and the motion for reconsideration. The court found the motion frivolous and ordered sanctions payable to Yuliya. Appellant appealed the May 15, 2013 order.

## DISCUSSION

Appellant now asserts that the court erred in making the challenged order, but provides no legal authority for his claim of error.[5] He also requests reversal of the order previously affirmed by this court.

In our previous opinion, we made clear that appellant had the obligation to provide authority for his position:

"Other than a single general citation to the Family Code, Alex fails to cite any authority setting forth the legal principles governing the court's discretion in this case on the basis of which he contends the court abused that discretion…." "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary. [Citations.]" (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.) "[P]arties are required to include argument and citation to authority in their briefs, and the absence of these necessary elements allows this court to treat appellant's issue as waived." (*Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448.)

On the last appeal, we nonetheless exercised our discretion to reach the merits. We decline to do so now. In a case, such as this one, where the standard of review is abuse of discretion, it is the burden of appellant to establish abuse in the face of a presumption that the trial court properly exercised that discretion. (*Mesler v. Bragg Management Co.* (1990) 219 Cal.App.3d 983, 991; see also *Forrest v. Department of Corporations* (2007) 150 Cal.App.4th 183, 194 [orders are presumed correct on appeal,

---

**5** Although appellant includes a table of authorities, referencing the Family Code, it refers to page 9; his brief concludes on page 6.

3

and it is plaintiff's burden to overcome the presumption], disapproved on other grounds *Shalant v. Girardi* (2011) 51 Cal.4th 1164.)  Appellant has made no effort to do so.

**DISPOSITION**

The order is affirmed.  Respondent is to recover her costs on appeal

ZELON, J.

We concur:

PERLUSS, P. J.

SEGAL, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.