Filed 8/21/15  (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051212 |
| v. | (Super. Ct. No. 11WF1938) |
| JAIME MANUEL PINON, | ORDER MODIYING OPINION AND DENYING PETITION FOR REHEARING; CHANGE IN JUDGMENT |
| Defendant and Appellant. | |

It is hereby ordered that the opinion filed on July 23, 2015, be modified as follows:

The last sentence at the bottom of page 6, beginning with "We will remand, therefore," and ending at the top of page 7 with "of defendant's PRCS" is deleted and the following paragraphs are inserted in its place, with footnote 2 remaining at the end of the last added paragraph:

"Next we must address how to calculate the parole period in light of defendant's excess custody credits.  On a petition for rehearing, the People contend the credits should first be applied to the one-year parole period, and then, if the parole period

is still longer than the remaining PRCS period, reduce the parole period to coincide with the end of defendant's PRCS. Defendant, on the other hand, contends we should first reduce the parole period to coincide with the end of PRCS, and then further reduce the parole period by defendant's excess custody credits.

To illustrate the distinction, suppose a defendant has three months remaining on his PRCS and four months of excess custody credits. Using the People's method of calculation, we would first reduce the one-year parole period to eight months, and since that is longer than the three months remaining on PRCS, reduce the parole period to three months. The result is that defendant serves three months of parole. Using defendant's method, on the other hand, we would first reduce the one year parole period to three months, and then apply the four months of custody credit, resulting in no parole time at all.

We conclude the People have the better of the argument. Subdivision (e) is essentially a backstop. Penal Code section 1170.18, subdivision (d) provides, "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence . . . ." The credits, therefore, are applied in the context of a one-year parole period. Subdivision (e) states, "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence." We interpret this to mean that, after applying the resentencing rules set forth in the statute, the resulting sentence may not exceed the original sentence. If it does, the sentence must be reduced to no longer than the original sentence. The proper calculation, therefore, is to apply excess custody credits to the one-year period of parole, and if that parole term exceeds what remains on PRCS, to reduce the parole period to coincide with the end date of defendant's PRCS."

On page 10, beginning on line 2, delete the following "as follows: The base period is to be no longer than the last day of his former PRCS period, and any

2

excess custody credits will further reduce the maximum parole period" and insert in its place the words "consistent with this opinion" so that the sentence reads, "The postjudgment order is reversed and the matter is remanded to the trial court to recalculate defendant's maximum parole period consistent with this opinion."

This modification changes the judgment.

The petition for rehearing is DENIED.


_____
                                                IKOLA, J.

WE CONCUR:


_____
MOORE, ACTING P. J.


_____
FYBEL, J.

Filed 7/23/15  (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051212 |
| v. | (Super. Ct. No. 11WF1938) |
| JAIME MANUEL PINON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie Hix, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed in part, reversed in part, and remanded with directions.

Robert Booher, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

In 2014 the voters passed Proposition 47, which reclassified certain offenses from felonies to misdemeanors. Proposition 47 also enacted Penal Code section 1170.18, which creates a procedure whereby a defendant who suffered a felony conviction of one of the reclassified crimes can petition to have his or her conviction redesignated a misdemeanor. Under subdivision (a), if the defendant is still serving a sentence, the defendant can have the sentence recalled and be given a misdemeanor sentence instead. Defendants who are resentenced are subject to one year of parole unless the court, in its discretion, waives the parole requirement. Under subdivision (f), if the defendant has completed his sentence, he can petition to have his felony redesignated a misdemeanor, and no parole period applies.

In August 2011 defendant Jaime Manuel Pinon pleaded guilty to a felony complaint of possession of methamphetamine (count 1; Health & Saf. Code, § 11377, subd. (a)), and misdemeanor possession of controlled substance paraphernalia (count 2; Health & Saf. Code, § 11364). In support of the plea, he stated, "On 8/12/11, I willfully and unlawfully possessed: (1) a usable quantity of methamphetamine, a controlled substance and (2) a pipe used for smoking a controlled substance." The court sentenced defendant to a state prison term of 16 months on count 1, and suspended imposition of sentence on count 2. Upon defendant's release from prison, he was placed on post-release community supervision (PRCS). (Pen. Code, § 3451, subd. (a).) His PRCS was set to expire in April 2015.

In December 2014, defendant petitioned to reduce count 1 to a misdemeanor pursuant to Penal Code section 1170.18, subdivision (f), or, in the alternative, subdivision (a). The court granted defendant's petition under subdivision (a) and sentenced defendant to 545 days in county jail (thus imposing a 180-day jail term on count 2 that had previously been suspended, and running that term consecutively), credited him for the full 545 days, and, over defendant's objection, imposed one year of parole. Defendant timely appealed and now contends the court should not have imposed

parole, or, in the alternative, should have imposed a shorter period of parole. We agree with the latter contention and remand for a recalculation of defendant's maximum parole period.

## DISCUSSION

In our recent opinion *People v. Morales* (June 26, 2015, G051142) __ Cal.App.4th __ [2015 Cal.App. Lexis 564], we resolved some of the issues defendant raises in the present appeal. Namely, we held that a defendant serving a term of PRCS is still serving his sentence under Penal Code section 1170.18, subdivision (a), and it is thus appropriate for the court to recall that sentence, resentence defendant to a misdemeanor, and impose one year of parole. We also held that any excess custody credits reduce the maximum period of parole to which the defendant is subject. Here, the court resentenced defendant under subdivision (a), which we affirm, but the record indicates defendant had excess custody credits, which the court did not apply to defendant's parole period. Thus, at minimum, this case must be reversed and remanded for a recalculation of defendant's parole period.

In *Morales*, however, we did not address an issue defendant raises here: whether imposition of a parole period longer than the remainder of defendant's PRCS period violates Penal Code section 1170.18, subdivision (e) (subdivision (e)), which states, "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence." Defendant's PRCS was scheduled to end in April 2015. The parole period, however, would extend through December 2015. We conclude subdivision (e) precludes this result.

The key to resolving the parties' contentions is to interpret the word "term" in subdivision (e). The People contend the word "term" refers only to the jail term, and because the "original sentence" includes PRCS, subdivision (e) applies only where the

3

jail term exceeds the combined period of prison and PRCS from the original sentence. The People rely on *People v. Nuckles* (2013) 56 Cal.4th 601 where the Supreme Court repeatedly referred to a term of imprisonment. (See, e.g., *id.* at p. 608 ["The concept of punishment is broader than the term of imprisonment"].) Defendant contends "term" can refer to a parole term. And, not surprisingly, cases also refer to terms of parole. (See, e.g., *People v. Britton* (1984) 156 Cal.App.3d 689, 696, disapproved on other grounds by *People v. Williams* (1999) 20 Cal.4th 119, 135 ["parole is . . . a 'separate' term to be served after the initial term of imprisonment has been completed and to be 'served' under the supervision of the Department of Corrections"].)

The text itself is of little help in resolving this dispute. Subdivision (e) gives no clear indication of which term it is referring to. The only other use of the word "term" in Penal Code section 1170.18 is in subdivision (d), which provides that for violations of parole, the court of the county where the violation occurred shall have jurisdiction "for the purpose of hearing petitions to revoke parole and impose a *term* of custody." (Italics added.) This text can cut either way. On the one hand, one could argue that the only other use of "term" in Penal Code section 1170.18 refers to the jail term; on the other hand, where it so refers, the drafters specifically indicated they were referring to a "term *in custody*." Does "term" by itself import that same definition, or does the failure to mention "in custody" indicate a deliberate choice to refer to a broader concept of "term"? The text does not resolve this issue.

Since the language of the statute is ambiguous, we turn next to indicia of the voters' intent. "Under general settled canons of statutory construction, we ascertain the Legislature's intent in order to effectuate the law's purpose. [Citation.] . . . [Citation.] 'The statute's plain meaning controls the court's interpretation unless its words are ambiguous.'" Where the language is ambiguous, "we turn to expressions of legislative intent to construe it in the statute's relative context." (*White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 572.) In the context of a voter initiative, "we refer to other indicia of the

4

voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." (*People v. Birkett* (1999) 21 Cal.4th 226, 243.)

Unfortunately, the official voter information guide does not directly address the issue before us. The analysis section mentions the parole requirement only perfunctorily: "Offenders who are resentenced would be required to be on state parole for one year, unless the judge chooses to remove that requirement." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) Analysis of Prop. 47 by Leg. Analyst.) The argument section does not mention parole at all.

We are thus left with this: "'we do not construe statutes in isolation, but rather read every statute "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." [Citation.]' [Citation.] We must also consider 'the object to be achieved and the evil to be prevented by the legislation. [Citations.]' [Citation.] These guiding principles apply equally to the interpretation of voter initiatives." (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.)

If there is one aspect of Proposition 47 that seems fairly obvious, it is that resentencing from a felony to a misdemeanor is generally intended to reduce the overall length of punishment to which the defendant is subject. There are two driving principles behind the reduction in punishment. First, the voters reassessed the crimes subject to Proposition 47 and determined their relative lack of severity did not justify a felony punishment. The arguments in favor of Proposition 47 in the official voter information guide, for example, refer to the crimes subject to reduction under Proposition 47 as "petty," "low-level," and "nonviolent." (Voter Guide, Gen. Elec., *supra*, argument in favor of Prop. 47.) Second, and perhaps more importantly, Proposition 47 was intended to save taxpayer money. The arguments in favor of Proposition 47 advertise that it "[s]tops wasting money on warehousing people in prisons for nonviolent petty crimes, saving hundreds of millions of taxpayer funds every year." (*Ibid.*)

5

Both of these considerations support a broader interpretation of "term" to include the parole period. Permitting a court to impose one full year of parole supervision even beyond that to which the defendant was subject under a felony sentence would render the punishment more severe with no apparent justification at all. (*See People v. Nuckles* (2013) 56 Cal.4th 601, 608 [parole "constitutes part of the punishment for the underlying crime"].) And requiring additional parole beyond that which was required of a felony offense would, of course, cost the taxpayers additional money. Neither of these results comport with the objectives of Proposition 47.

Our conclusion is also consistent with the overall sentencing scheme. Normally, misdemeanor offenders do not serve parole or PRCS after completing a term in jail. (See Penal Code, §§ 3000, subd. (a) ["A sentence resulting in *imprisonment in the state prison* pursuant to Section 1168 or 1170 shall include a period of parole supervision or postrelease community supervision, unless waived, or as otherwise provided in this article," italics added], 3450, subd. (b)(5) [applying PRCS to "certain felons reentering the community after serving a prison term"].) PRCS lasts for a maximum of three years. (Penal Code, §§ 3451, subd. (a), 3456, subd. (a)(1).)[1] Under the trial court's ruling, the one year parole period imposed would result in a total period of supervision of *over* three years for a crime the voters have now determined is merely a misdemeanor. That result makes little sense in the broader context of the overall sentencing scheme. Accordingly, we interpret the word "term" in subdivision (e) to refer to either a term of jail or a term of parole, such that the court may not impose a parole term that exceeds the scheduled end date of the defendant's PRCS. We will remand, therefore, for the trial court to adjust

---

[1] However, if the supervised person does not commit a violation resulting in a custody sanction for a period of six months, the supervising county has discretion to discharge the supervised person. If there are no such violations for a period of one year, the supervised person must be discharged. (Penal Code, § 3456, subd. (a)(2)-(3).)

defendant's maximum parole date to correspond to the scheduled conclusion of defendant's PRCS.[2]

*The Court Was Not Required to Stay Count 2 Pursuant to Section 654*

When defendant was sentenced for his underlying felony, the court suspended imposition of sentence as to count 2. When he was resentenced under section 1170.18, the court imposed a sentence as to count 2 and ran the sentences consecutively, for a total of 545 days. Defendant contends the court was required to stay the sentence as to count 2 pursuant to section 654. We disagree.

Section 654, subdivision (a), provides, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." "Section 654 precludes multiple punishments for a single act or indivisible course of conduct." (*People v. Hester* (2000) 22 Cal.4th 290, 294.) "Section 654 does not preclude multiple convictions but only multiple punishments for a single act or indivisible course of conduct. [Citation.] 'The proscription against double punishment . . . is applicable where there is a course of conduct which violates more than one statute and comprises an

---

[2] We note the court sentenced defendant to a jail term of 545 days, a period of custody that exceeds his original felony sentence of 487 days (16 months). The parties do not address whether the new consecutive misdemeanor sentence violates subdivision (e) and, accordingly, we express no opinion on that potential issue.

Also, in his opening brief, defendant mentions in passing whether his days in PRCS should be credited to his parole period. However, he did not provide any reasoned argument or legal basis upon which to credit defendant these days — his entire argument focuses on whether *custody* credits should apply to parole, an argument we resolved in his favor. Defendant's failure to develop his argument regarding alleged PRCS credits operates as a waiver of the issue on appeal. (*Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 ["parties are required to include argument and citation to authority in their briefs, and the absence of these necessary elements allows this court to treat appellant's . . . issue as waived"].)

7

indivisible transaction punishable under more than one statute . . . . The divisibility of a course of conduct depends upon the intent and objective of the actor, and if all the offenses are incident to one objective, the defendant may be punished for any one of them but not for more than one.'" (*People v. Miller* (1977) 18 Cal.3d 873, 885, overruled on other grounds as recognized in *People v. Oates* (2004) 32 Cal.4th 1048, 1068, fn. 8.) "On the other hand, if the evidence discloses that a defendant entertained multiple criminal objectives which were independent of and not merely incidental to each other, the trial court may impose punishment for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct. [Citations.] The principal inquiry in each case is whether the defendant's criminal intent and objective were single or multiple. Each case must be determined on its own facts. [Citations.] The question whether the defendant entertained multiple criminal objectives is one of fact for the trial court, and its findings on this question will be upheld on appeal if there is any substantial evidence to support them." (*People v. Liu* (1996) 46 Cal.App.4th 1119, 1135-1136.)

Here, while the record is anemic, defendant stated that he "willfully and unlawfully possessed: (1) a usable quantity of methamphetamine, a controlled substance and (2) a pipe used for smoking a controlled substance." He did not say he possessed the pipe for the sole purpose of smoking the methamphetamine; rather, he possessed the pipe for the more general purpose of smoking a controlled substance. While we might normally be loath to parse defendant's statement so closely, where, as here, there simply are no other facts, defendant's statement is substantial evidence to support the court's ruling.

*Defendant Forfeited His Objection to His Fines*

Defendant contends he is entitled to a reduction in the felony restitution fine (Pen. Code, § 1202.4, subd. (b)) and felony parole revocation fine (Pen. Code, § 1202.45, subd. (b)) to the applicable misdemeanor fines. Defendant committed his offense in August 2011 and was assessed $200 for each fine. As we noted in *Morales*, *supra*, __ Cal.App.4th at p. __ [p. 11, fn. 4], "the maximum fine was $1,000, even for a misdemeanor [citation], and thus the fines were not an unauthorized sentence. Defendant failed to object below and has thus forfeited the issue." The maximum fine in August 2011 was likewise $1,000, and thus defendant's failure to object to the fines below operates as a forfeiture.

*The Requirement that Defendant Register Pursuant to Health & Safety Code Section 11590 Must Be Stricken*

Both parties agree that defendant is no longer required to register pursuant to Health and Safety Code section 11590, which requires certain people convicted of drug-related offenses to register with the local chief of police. However, subdivision (c) of that section states, "This section does not apply to a conviction of a misdemeanor under Section 11357, 11360, or 11377." Here, defendant was convicted of a violation of Health and Safety Code section 11377, but pursuant to Penal Code section 1170.18, subdivision (k), "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes," with certain exceptions not relevant here. Accordingly, defendant's misdemeanor conviction under Health and Safety Code section 11377 does not require registration, and defendant's misdemeanor conviction for possession of paraphernalia (Health & Saf. Code, § 11364) is not a registrable offense. Thus we will strike the requirement that defendant register pursuant to Health and Safety Code section 11590.

## DISPOSITION

The postjudgment order is reversed and the matter is remanded to the trial court to recalculate defendant's maximum parole period as follows: The base period is to be no longer than the last day of his former PRCS period, and any excess custody credits will further reduce the maximum parole period. The requirement that defendant register pursuant to Health and Safety Code section 11590 is stricken. In all other respects, the judgment is affirmed.

IKOLA, J.

WE CONCUR:

MOORE, ACTING P. J.

FYBEL, J.