Filed 8/17/23  Estate of Singh CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| Estate of SUKHJINDER SINGH, Deceased. | 2d Civil No. B325245 (Super. Ct. No. 19PR-0348) (San Luis Obispo County) |
| IKE M. IQBAL, as Executor, etc., Petitioner and Respondent, v. NIKI HAMIDI, Contestant and Appellant. | |

Niki Hamidi appeals from an order admitting Sukhjinder Singh's will to probate and the accompanying order appointing Ike M. Iqbal executor of Singh's will.  Hamidi contends the orders should be vacated because: (1) Singh's will was illegal, invalid,

and voidable, and (2) Iqbal was disqualified from being appointed executor.[1]  We affirm.

FACTUAL AND PROCEDURAL HISTORY

Singh died in September 2016.  His will bequeathed his entire estate to the Sukhjinder "Willie" Singh Living Trust.  The will, dated December 1, 2008, nominated Iqbal as executor.  It disinherited both Hamidi (his ex-wife) and their daughter.

Iqbal petitioned to probate Singh's will in December 2020.  Hamidi filed a competing petition contesting Singh's will and requesting that she be appointed to administer his estate.  Hamidi also objected to Iqbal's petition, alleging the will he sought to probate was not Singh's true will and that she and her daughter were the "true beneficiaries" of Singh's estate.  She later filed additional objections, claiming that Singh's will was invalid because Singh lacked testamentary capacity, was subject to undue influence, and executed the documents when a child support modification proceeding was pending in another county.

---

[1] Hamidi also urges us to vacate the trial court's order requiring her to pay $6,500 in discovery sanctions to Iqbal.  We upheld the sanctions order in an opinion filed last year (*Estate of Singh* (Nov. 17, 2022, B319677) [2022 WL 16991548 at pp. *2-3] [nonpub. opn.]), and do not revisit the issue here (see *Leider v. Lewis* (2017) 2 Cal.5th 1121, 1127).  She raises or develops several additional issues—i.e., that Singh's will is invalid under Probate Code section 15407 and the Uniform Fraudulent Transfer Act and that her community property rights were never adjudicated during her 1994 divorce from Singh—for the first time in her reply brief.  We do not consider issues undeveloped with arguments and citations to the record (*Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448) or raised for the first time on reply (*Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11).

She said she could not provide the trial court with Singh's true will because the attorney who drafted it refused to give her a true and correct copy of it.

The trial court scheduled a hearing on Hamidi's petition for November 2022. Hamidi did not attend that hearing, however, and the court dismissed her petition.

Hamidi also did not attend a subsequent status conference regarding the trial on Iqbal's petition, which was set for December 5 and then continued to December 7. Iqbal gave Hamidi notice of the December 7 trial date, but she "consciously elected" not to attend.

Attorney John Christopher Toews testified at the December 7 trial. He said that Singh asked him to prepare a new will and trust, that he prepared those documents, and that Singh executed them. Toews said that he had not previously crafted documents for Singh that benefited Hamidi or his daughter; the "primary reason" Singh executed his new estate plan was to disinherit those two. Toews said he had "no doubt" that Singh was competent when he executed the new estate plan. He also had no reason to believe that Singh had been unduly influenced by his family or Iqbal when crafting it.

At the conclusion of trial, the trial court found that Singh had capacity when he signed his will and trust and that he had not been subject to undue influence. There was no evidence the will or trust was illegal or invalid. The court admitted Singh's will to probate, and appointed Iqbal executor.

DISCUSSION

*Singh's will and trust*

Hamidi contends Singh's will and trust were illegal and invalid under Probate Code section 15203 and/or voidable under

3

Civil Code section 3439.04. We disagree.

"A trust may be created for any purpose that is not illegal or against public policy." (Prob. Code, § 15203.) Hamidi claims Singh's will and trust are illegal and invalid under this provision because he executed them to hide assets and perpetuate fraud. But the only evidence she cites in support of this claim are the cover pages to her objections to Iqbal's petition to probate Singh's will. These do not demonstrate that Singh hid assets or committed fraud. Hamidi has thus failed to show that his will and trust are illegal and invalid under Probate Code section 15203. (*Mueller v. County of Los Angeles* (2009) 176 Cal.App.4th 809, 816, fn. 5 (*Mueller*) [arguments not supported by the record can be rejected].)

"A transfer made or obligation incurred by a debtor is voidable . . . if the debtor made the transfer or incurred the obligation . . . [¶] [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor." (Civ. Code, § 3439.04, subd. (a)(1).) Hamidi claims Singh's will and trust are voidable under this provision because he attempted to hide assets when he had Toews draft his 2008 will and trust. Again, however, the only evidence she cites in support of this claim are cover pages to her objections to Iqbal's petition to probate Singh's will, a continuance order, and her objections to findings the trial court made during the proceedings below. These pleadings do not demonstrate that Singh tried to hide his assets. Hamidi has thus failed to show that his will and trust are voidable under Civil Code section 3439.04. (*Mueller*, *supra*, 176 Cal.App.4th at p. 816, fn. 5.)

4

*Iqbal's appointment as executor*

Hamidi also contends the trial court's order appointing Iqbal executor of Singh's estate must be vacated because he waived his right to such an appointment under Probate Code section 8001 and/or because he breached his fiduciary duty by allegedly helping Singh commit fraud.  We again disagree.

"Unless good cause for delay is shown, if a person named in a will as executor fails to petition the court for administration of the estate within 30 days after the person has knowledge of the death of the decedent and that the person is named as executor, the person may be held to have waived the right to appointment as personal representative." (Prob. Code, § 8001.)  Hamidi levels a series of accusations at Iqbal, but does not explain, with cogent legal analysis, how this section of the Probate Code disqualifies him from being appointed executor of Singh's will.  Conclusory arguments not supported by legal analysis are to be disregarded. (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287.)  Additionally, the only page of the record Hamidi cites in support of her arguments does not delineate how Iqbal missed the 30-day window or failed to demonstrate good cause for doing so.  She has thus failed to show that Probate Code section 8001's waiver provisions apply here. (*Mueller*, *supra*, 176 Cal.App.4th at p. 816, fn. 5.)

Finally, Hamidi claims Iqbal is disqualified from being executor of Singh's estate because he allegedly committed a series of fraudulent acts.  The evidence cited does not support this claim.  We reject it. (*Mueller*, *supra*, 176 Cal.App.4th at p. 816, fn. 5.)

DISPOSITION

The trial court's order admitting Sukhjinder Singh's will to probate and the accompanying order appointing Ike M. Iqbal executor of Singh's will, both entered December 7, 2022, are affirmed. Iqbal shall recover his costs on appeal.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


GILBERT, P. J.


YEGAN, J.

Tana L. Coates, Judge

Superior Court County of San Luis Obispo

_____

Niki Hamidi, in pro. per., for Contestant and Appellant.
Andre, Morris & Buttery and James C. Buttery for
Petitioner and Respondent.