Filed 3/24/26  Marriage of Potter CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| In re the Marriage of SHAYNA GARCIA and JOSHUA POTTER. | |
| SHAYNA GARCIA POTTER, Appellant, v. JOSHUA POTTER, Respondent. | C102167 (Super. Ct. No. 19-FCD-07033) |

Shayna Garcia Potter (Shayna) appeals, in propria persona and on the judgment roll, from a final judgment on reserved issues.[1]  Finding no error on the face of the record, we affirm.

---

[1]     As the parties share the same last name, we refer to them by their first name.  We mean no disrespect.

BACKGROUND

On August 17, 2023, the family court presided over a trial on Shayna's petition for dissolution. At the trial, and throughout the subsequent proceedings, Shayna appeared in propria persona and Joshua Potter (Joshua) appeared with counsel. The court heard evidence and argument from both parties before confirming the jurisdictional facts of the marriage and granting the petition for dissolution. The court noted in the trial minutes that it "heard no testimony regarding marital standard of living and limited evidence only regarding largely unemployed because of being a stay at home parent during the marriage, very limited testimony as to [Shayna]'s health and that [Shayna] will have some financial costs for her therapy when she is no longer covered by [Joshua]'s insurance." (*Sic*.)

In its minutes, the family court recognized this was a long-term marriage but noted that it could not base spousal support on temporary spousal support. The court found Shayna "did not meet her burden of proof in establishing that spousal support should be ordered." The court ordered spousal support set at zero but retained jurisdiction to modify that order "upon [a] showing of a substantial change of circumstance."

Following that trial, a judgment dissolving the marriage between Shayna and Joshua was entered on September 11, 2023. The judgment distributed property (both real and personal) and allocated debt. The court ordered "$0.00 per month in spousal support," but retained jurisdiction to modify that order "upon [a] showing of a substantial change in circumstance."

A judgment on reserved issues was entered on September 11, 2023, resolving child custody and visitation.

On January 8, 2024, the family court heard Shayna's "Request for Order re: Escrow/Impound Account and Spousal Support." The court heard from both parties and found no change of circumstance to warrant modifying spousal support. The court ruled that when the family home sold, disbursements from that sale were to be maintained in

2

the trust account of Joshua's attorney. The court also noted that Shayna raised concerns "as to Watts [charges] and Epstein credits," and ordered Shayna to prepare a request for order "specific to the amount of credits for reimbursement as to escrow/impound accounts and set the matter for hearing."

At a hearing on May 24, 2024, the family court ordered Joshua to pay Shayna child support totaling $380 each month retroactive to September 1, 2023.

The parties appeared before the family court again on July 18, 2024. After hearing evidence and argument from both sides, the court found that "final spousal support was ordered on" August 17, 2023. The court directed Joshua's counsel to prepare and submit an amended judgment. The court ordered $27,422.39 be distributed to Shayna for attorney fees and "[t]he remaining balance of $27,683.88" be paid to Joshua. The court noted "the funds have already been disbursed to the appropriate attorneys." There was, however, a difference of $261.49 so the court ordered Joshua to pay $130.75 to Shayna "forthwith."

A judgment on reserved issues following the July 18, 2024, hearing was then entered on July 30, 2024 (July 30th Judgment). The July 30th Judgment ordered spousal support "pursuant to the August 17, 2023 trial," and included the following orders: (1) Shayna's request for $9,500 in attorney fees was "satisfied by the attorney fee liens placed on the real property"; (2) Joshua owed Shayna $130.75 "forthwith"; and (3) the money that remained from the sale of "the real property in this matter," which was held in the trust account of Joshua's attorney, "shall be disbursed to [Joshua] upon receipt of the filed judgment from this hearing."

Shayna appeals from the July 30th Judgment.

DISCUSSION

A. *Appellate Rules of Procedure*

Our review on appeal is governed by a fundamental principle of appellate practice: " 'A judgment or order of the lower court is presumed correct. All intendments and

3

presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics omitted.)

Because this appeal comes to us on the clerk's transcript only, we treat it as an appeal on the judgment roll. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082.) On such an appeal, we presume the court's findings are supported by evidence, and our review is limited to determining whether any error appears on the face of the record. (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324-325; Cal. Rules of Court, rule 8.163.)

Whether proceeding with or without a record of the oral proceedings, an appellant must provide cogent legal argument to support all claims of error with citation to legal authority, as well as supporting references to the record, if possible. (Cal. Rules of Court, rule 8.204(a)(1)(B), (C); *County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861.) The same standards apply to self-represented litigants. (*Singh*, at p. 861.) "It is not our place to construct theories or arguments to undermine the judgment [or order on appeal] and defeat the presumption of correctness." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Shayna attached numerous documents to her opening brief on appeal. Those documents are not part of the appellate record and may not be considered by this court in this appeal. (See *Hodge v. Kirkpatrick Development, Inc.* (2005) 130 Cal.App.4th 540, 546, fn. 1.)

B. *Analysis*

1. *$9,500 Separate Property*

Shayna's first claim is that $9,500 of her separate property was to be deducted from the sale of the family residence and returned to her but that has not occurred. Shayna, however, does not support her claim with relevant citations to the record, citations to relevant legal authority, or any cogent legal argument. Accordingly, she has

4

forfeited the claim. (See *Br. C. v. Be. C.* (2024) 101 Cal.App.5th 259, 264; see also *County of Sacramento v. Singh, supra*, 65 Cal.App.5th at p. 861.)

Were we to consider Shayna's claim, applying the appropriate presumption that the lower court was correct, with all intendments and presumptions indulged in favor of its correctness (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133), her challenge would fail, nonetheless. When faced with the uncertainty created by an incomplete record, the long-established principles of appellate procedure inform us how to proceed. Shayna, as the appellant, has the burden of affirmatively demonstrating a prejudicial error occurred. (*Denham v. Superior Court, supra*, 2 Cal.3d at pp. 564, 566; *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) She has not done so here.

*2. Child Custody*

Next, Shayna claims at least two of the parties' minor children are being wrongfully withheld from her. She is seeking full custody of those children. Custody was resolved by stipulation in the judgment on reserved issues entered on September 11, 2023. The time to appeal that decision has long passed. (See Cal. Rules of Court, rule 8.104(a)(1) [time to file appeal is within 60 days of service of notice of entry of judgment or 180 days of entry of judgment if no notice of entry of judgment].) Moreover, child custody was not a subject of the judgment from which Shayna appeals, nor does it appear to have been an issue raised at the trial giving rise to that judgment. The issue of custody, therefore, is not properly before this court in this appeal.

*3. Watts Charges/Epstein Credits*

Shayna also contends she is entitled to reimbursements for "Mortgage payments, Insurance, Taxes, and Road fees." Presumably, Shayna is claiming that she is entitled to reimbursement for some combination of *Watts* charges and *Epstein* credits.[2] *Watts*

---

[2] *Epstein* credits reimburse a spouse who, after separation, uses separate property to pay a community obligation. (*In re Marriage of Mohler* (2020) 47 Cal.App.5th 788, 797,

charges and *Epstein* credits, however, also do not appear to be a subject of the judgment from which Shayna appeals, nor does reimbursement appear to have been an issue raised at the trial giving rise to that judgment. Thus, the issue of reimbursement is not properly before this court in this appeal.

### 4. *Spousal Support*

Finally, Shayna challenges the family court's orders regarding spousal support. Shayna contends that the family court abused its discretion by failing to consider and weigh the factors in Family Code section 4320 when ordering "post Judgment spousal support." Family Code section 4320 requires the court to consider a long list of circumstances when setting or modifying spousal support. (See *In re Marriage of Swain* (2018) 21 Cal.App.5th 830, 836.) Shayna fails to identify any evidence in the record to support this claim. As we have stated, "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta, supra*, 5 Cal.5th at pp. 608-609; see also *In re Marriage of Arceneaux, supra*, 51 Cal.3d at p. 1133 ["A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness"]; *Okorie v. Los Angeles Unified School Dist.* (2017) 14 Cal.App.5th 574, 599 ["A touchstone legal principle governing appeals is that 'the trial court's judgment is presumed to be correct, and the appellant has the burden to prove otherwise by presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited' "], disapproved on another ground in *Bonni v. St. Joseph Health System* (2021)

---

fn. 4.) *Watts* charges compensate the community for the reasonable value of use when a spouse has exclusive use of a community asset between separation and trial. (*Id*. at pp. 796-797.)

11 Cal.5th 995, 1012, fn. 2.)  Thus, the burden is on Shayna to overcome the presumption that the judgment and all underlying orders are correct.  (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1207.)  She has not done so here.

In claiming the family court failed to consider the Family Code section 4320 factors Shayna cites *In re Marriage of Geraci* (2006) 144 Cal.App.4th 1278, 1297, but she does not analyze that case or tell us how it applies here.  "The mere assertion of a statutory or constitutional violation, followed by simply a citation to the statute or constitutional provision, does not merit a judicial response."  (*Woods v. Horton* (2008) 167 Cal.App.4th 658, 677.)  "[P]arties are required to include argument and citation to authority in their briefs, and the absence of these necessary elements allows this court to treat appellant's sanction issue as waived."  (*Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448.)  "[I]t is not this court's role to construct theories or arguments that would undermine the judgment and defeat the presumption of correctness. Rather, an appellant is required to present a cognizable legal argument in support of reversal of the judgment.  'When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary.'  [Citation.]  'Issues do not have a life of their own:  if they are not raised or supported by argument or citation to authority, [they are] waived.' "  (*Okorie v. Los Angeles Unified School Dist., supra*, 14 Cal.App.5th at p. 600.)

Shayna also claims the family court's order for permanent spousal support is "too low."  If she challenges the family court's August 2023 order setting spousal support at zero (memorialized in the September 11, 2023, judgment), the time to raise that issue on appeal has passed.  (See Cal. Rules of Court, rule 8.104(a)(1).)  If, instead, she argues the family court abused its discretion in refusing to change that spousal support order, she has failed to support that claim with relevant citations to the record, relevant legal authority, or a cogent legal argument.  As a result, we find the claims regarding spousal support are

forfeited.  (*Br. C. v. Be. C., supra*, 101 Cal.App.5th at p. 264; *County of Sacramento v. Singh, supra*, 65 Cal.App.5th at p. 861.)

DISPOSITION

The judgment is affirmed.  Joshua shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


_____/s/_____

EARL, P. J.

We concur:


_____/s/_____

DUARTE, J.


_____/s/_____

WISEMAN, J.*

---

\*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.